**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIG Insurance Company | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | FILED: MARCH 31, 2008 |
| **v.** | ) | Case No. 08CV1846          TG |
| | ) | JUDGE ANDERSEN |
| Swiss Reinsurance America Corporation | ) | MAGISTRATE JUDGE VALDEZ |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND MONEY DAMAGES

Now comes the plaintiff, TIG Insurance Company ("TIG"), by and through its attorneys, LOVELLS LLP, and for its Complaint against defendant Swiss Reinsurance America Corporation ("Swiss Re") as successor-in-interest to Kemper Reinsurance Company ("Kemper Re"), alleges as follows:

1.      This case concerns defendant Swiss Re's failure to honor numerous reinsurance agreements that its predecessors issued to TIG (the "Reinsurance Agreements"). Those Reinsurance Agreements contain contractual provisions requiring Swiss Re to indemnify TIG for a portion of the "expenses" that TIG incurs in connection with claims under policies issued by TIG. Swiss Re has violated those coverage obligations. TIG has incurred millions of dollars in litigation expenses in connection with efforts by TIG's policyholders to improperly obtain insurance coverage from TIG when no coverage was due under the applicable policies. Although Swiss Re is properly responsible to cover over $329,000.00 of those past "expenses," as well as such expenses incurred in the future, Swiss Re refuses to reimburse TIG for any such expenses.      Accordingly, TIG brings this action to obtain a declaration regarding Swiss Re's

coverage obligations and to recover the sums owed to TIG pursuant to the Reinsurance Agreements.

## THE PARTIES

2.      Plaintiff TIG is a California corporation with its principal place of business in New Hampshire.  TIG is the legal successor-in-interest of certain of the liabilities of several other insurance companies, including International Insurance Company ("IIC), and International Surplus Lines Insurance Company ("ISLIC") (collectively referred to as "TIG").  IIC and ISLIC were the original parties that entered into the Reinsurance Agreements.

3.      Defendant Swiss Re is a reinsurance company domiciled in New York and with its principal place of business in New York City.  Swiss Re is one of the world's largest reinsurers and offers a wide variety of reinsurance products and financial services.  Swiss Re is the legal successor-in-interest to the rights and obligations under the Reinsurance Agreements, which were originally issued by Kemper Re.

## JURISDICTION AND VENUE

4.      The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  TIG is a citizen of California and New Hampshire while Swiss Re is a citizen of New York. Additionally, this matter by far exceeds the $75,000.00 threshold established by § 1332.

5.      Venue is proper in this court pursuant to 28 U.S.C. § 1391 in that several transactions or critical portions of the transactions from which this cause of action arise occurred in Cook County, Illinois.

6.      Among other reasons, IIC and ISLIC were domiciled in Illinois throughout much of the period relevant to this Complaint.  Notably, at the time when the contracts were executed, and in fact for a significant period of time thereafter, ISLIC's headquarters and underwriting

operations were based in Chicago, Illinois. The Reinsurance Agreements were negotiated through ISLIC's office located in Chicago, Illinois.

7.    Kemper Re was a reinsurance provider domiciled in Illinois with its principal place of business in Long Grove, Illinois. All of the Reinsurance Agreements were negotiated and executed through Kemper Re's business offices located in Long Grove, Illinois. The majority of the Reinsurance Agreements and any subsequent Amendments were negotiated through reinsurance intermediaries located in Chicago, Illinois. Several Reinsurance Agreements and their Amendments were executed through Guy Carpenter & Company, Inc.'s ("Guy Carpenter") offices located in Chicago, Illinois. Guy Carpenter is a global reinsurance intermediary and currently operates under the name Guy Carpenter & Company, LLC. Likewise, several Reinsurance Agreements were negotiated through L.W. Biegler's Chicago offices. In 1998 GE Global Insurance Holding Company ("GE") acquired Kemper Re. GE was later renamed GE Reinsurance Corporation ("GE Re") and was also domiciled in Illinois. Most of the underlying declaratory judgment actions arose when Kemper Re or GE Re were Illinois corporations. Swiss Re acquired GE Re in 2006 and is licensed to transact business in Illinois. On information and belief, Swiss Re transacts business within Illinois and has provided coverage for Illinois companies and interests.

## FACTUAL ALLEGATIONS

8.    This Complaint concerns insurance and reinsurance obligations entered into throughout the 1970s and 1980s. Throughout that period, TIG (through its predecessors) was engaged in the business of providing various commercial property and casualty insurance coverage to corporations and commercial entities. TIG typically provided excess coverage, i.e., excess of underlying insurance or a self-insured retention of the policyholder.

9.     As is typical in the insurance industry, for various reasons, TIG decided to purchase reinsurance protection to cover a portion of the insurance liabilities that TIG had assumed under the policies it had issued.

10.     Reinsurance is an insurance contract issued to an insurer.  The insurer purchasing the reinsurance is known as the "ceding insurer" or "cedent."  TIG is thus the "ceding company" in this instance.  A reinsurance contract provides a right of reimbursement when the cedent incurs losses or expenses by making payments or by participating in proceedings to resolve claims under insurance policies it has issued to others.  The typical reinsurance agreement requires the cedent to pay its reinsurer a portion of the premiums collected from the insurance policies covered by the reinsurance agreement; in turn, the reinsurer is obligated to indemnify the ceding company for its agreed share of the claims and expenses incurred by the ceding company in connection with its policies.

11.     From 1977 through 1985, TIG purchased reinsurance protection from Swiss Re on numerous occasions.  A list of the relevant Reinsurance Agreements, including dates of coverage, limits of liability, and the identity of the underlying policyholders, is set forth as Exhibit A, which is incorporated herein by reference.   In addition, a copy of each such Reinsurance Agreement in TIG's possession is incorporated and attached hereto as Exhibits B through LL.

12.     Although many of the Reinsurance Agreements contain slightly different terms and conditions, at their core, all of them provide that Swiss Re was entitled to receive a share of the premiums that TIG received from its policyholders under reinsured policies.  In turn, the Reinsurance Agreements all obligate Swiss Re to indemnify TIG for its specified share of claims and expenses incurred by TIG pursuant to the reinsured policies.

4

13.    There is no dispute in this case regarding premium.    In fulfillment of its contractual obligations, TIG has paid to Swiss Re all of the premiums properly due and owing to Swiss Re under the Reinsurance Agreements.    Swiss Re has accepted and retained those premiums for its benefit.

14.    In contrast, Swiss Re has failed to honor its contractual obligation to reimburse TIG for "expenses" it has incurred in connection with the reinsured policies issued by TIG.

15.    Each of the Reinsurance Agreements contains substantially the following language regarding Swiss Re's obligation to cover a portion of TIG's expenses:

> "All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. *In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits. . . ."*

Kemper Re Facultative Reinsurance Certificate, Certificate No. 44282-7-00-80; Section E (emphasis added).

16.    Over the years, TIG's policyholders have asserted various claims for coverage under the reinsured policies.    Pursuant to its duties to its policyholders, after receiving notice of claims, TIG has performed an investigation of each claim to determine whether and in what amount it should be paid.    Where TIG has determined that claims are covered, they have been paid, and the losses and expenses incurred by TIG have been ceded to Swiss Re.

17.    On certain occasions, however, TIG's policyholders have refused to accept decisions by TIG that their claims (or portions thereof) were outside the scope or limits of coverage afforded by TIG's policies.    Accordingly, TIG's policyholders initiated declaratory judgment actions, seeking a declaration that TIG was obligated to provide the requested coverage.    Accordingly, TIG was forced to incur expenses investigating, defending, and

responding to those coverage claims. On other occasions, TIG sought to obtain an affirmative declaration that losses at issue were not covered.

18.    TIG's actions in investigating, defending, and prosecuting these coverage determinations inured to the mutual benefit of TIG and Swiss Re. To the extent that TIG was successful in establishing that its policyholders' claims were improper, inflated, or outside the scope or limits of coverage, such a result reduced the amount of loss that Swiss Re was obligated to pay. TIG's actions also were necessary and proper to ensure that only covered losses were paid under its policies, a course of action that benefited Swiss Re as TIG's reinsurer.

19.    The expenses TIG incurred in connection with its policyholder's claims for coverage are expenses covered by the plain language of the Reinsurance Agreements. Accordingly, Swiss Re is obligated to indemnify TIG for its specified percentage of those expenses.

20.    After incurring expenses in connection with its policyholder's assertions of coverage, TIG has submitted requests to Swiss Re for reimbursement. Pursuant to the terms of the Reinsurance Agreement, TIG consistently invoiced Swiss Re for its proportionate share of those expenses as they were incurred, the remainder of which were borne by TIG. Swiss Re has refused to pay any such expenses.

21.    TIG has incurred declaratory judgment coverage action expenses in connection with (among others) five (5) major policyholders. TIG has submitted requests to Swiss Re for reimbursement totaling $329,728.34 in connection with TIG's expenses incurred in coverage actions with those five major policyholders. A breakdown of the specific amounts billed by TIG to Swiss Re on each of those policyholder accounts is as follows:

| | | |
|---|---|---|
| Atchinson-Topeka-Santa Fe | $ | 69,274.83 |
| Norfolk Southern Corp. | $ | 59,853.27 |

| | | |
|---|---|---|
| Phillip Morris | $ | 43,255.76 |
| Rockwell International | $ | 81,984.37 |
| United Technologies Corp. | $ | 75,360.11 |
| TOTAL | $ | 329,728.34 |

22.    TIG has made repeated efforts to obtain Swiss Re's compliance with its contractual obligations.   After years of discussions and negotiations regarding the issue, on December 27, 2007, TIG sent a final demand for payment.   In that letter, TIG notified Swiss Re that it would initiate legal proceedings against Swiss Re if Swiss Re did not accept its obligations and indemnify TIG by January 24, 2008.   Indeed, Swiss Re did not even respond to that letter. Despite that demand, Swiss Re has not paid declaratory judgment expenses as required by its contractual obligations.

## COUNT I

## DECLARATORY JUDGMENT

23.    TIG hereby re-alleges Paragraphs 1 through 22 as though fully set forth herein.

24.    TIG has fully performed its obligations under the Reinsurance Agreements.

25.    Despite repeated demands, Swiss Re has failed to honor its obligation to reimburse TIG for its expenses incurred in coverage actions with TIG's policyholders.   Further, Swiss Re refuses to cover such expenses incurred by TIG in the future.

26.    Each Reinsurance Agreement constitutes a separate "contract or other written instrument" that is the subject of an actual controversy between TIG and Swiss Re.   Pursuant to Fed. R. Civ. Proc. 57 and 28 U.S.C. § 2201, TIG is entitled to a declaration establishing its rights and Swiss Re's obligations under the Reinsurance Agreements.

WHEREFORE, plaintiff TIG respectfully requests the following relief:

(A)    A declaration that the provisions in the Reinsurance Agreements between TIG and Swiss Re regarding Swiss Re's obligations to indemnify TIG for its proportionate share of "expenses" includes coverage for expenses incurred by TIG in connection with declaratory judgment or coverage actions between TIG and its policyholders;

(B)    TIG's costs; and

(C)    Such other and further relief as may be just and proper.

## COUNT II

## **BREACH OF CONTRACT**

27.    Plaintiff TIG hereby re-alleges paragraphs 1 through 26 as though fully set forth herein.

28.    TIG has fully performed its obligations under the Reinsurance Agreements.

29.    Despite repeated demands, Swiss Re has failed to pay TIG the amounts properly due and owing under the Reinsurance Agreements.

30.    Swiss Re's failure to pay TIG the amounts owed constitutes a material breach of the Reinsurance Agreements with TIG.

31.    As a result of Swiss Re's material breach of its reinsurance agreements, TIG has suffered financial damages in an amount no less than $329,728.34.

WHEREFORE, plaintiff, TIG respectfully requests the following relief:

(A)    A finding that Swiss Re has breached its Reinsurance Agreements with TIG;

(B)    Entry of a judgment in favor of TIG;

(C)    An award of contract damages against Swiss Re in an amount no less than $329,728.34;

(D)    Pre-judgment interest;

(E)    TIG's costs; and

(F)    Such other and further relief that this Court deems just and proper.


Respectfully submitted,

TIG INSURANCE COMPANY


_____
One of its Attorneys


Eric A. Haab
Robin C. Dusek
LOVELLS LLP
330 North Wabash, Suite 1900
Chicago IL 60611
(312) 832-4400
(312) 832-4444 (fax)

| CERTIFICATE NUMBER | UNDERLYING POLICYHOLDER | REINSURANCE COVERAGE DATES | REINSURANCE LIMITS |
|---|---|---|---|
| 40710-7-00-78 | Atchison, Topeka & Santa Fe Railway Company | 2/15/78 - 2/15/79 | 1) $1,000,000 each occurrence P/O $3,150,000 each occurrence P/O $10,000,000 each occurrence x/s $40,000,000 each occurrence |
| 40711-6-00-78 | Atchison, Topeka & Santa Fe Railway Company | 2/15/78 - 2/15/79 | $250,000 each occurrence P/O $1,500,000 each occurrence P/O $10,000,000 each occurrence x/s $15,000,000 each |
| 40711-6-00-79 | Atchison, Topeka & Santa Fe Railway Company | 3/17/79 - 3/17/80 | 1) $1,000,000 each occ. P/O $1,000,000 each occ. P/O $10,000,000 each occ. X/S $15,000,000 each occ. 2) $1,000,000 each occ. P/O $2,750,000 each occ. P/O $25,000,000 each occ. X/S $25,000,000 each occ. |
| 40711-6-00-80 | Atchison, Topeka & Santa Fe Railway Company | 3/17/80 - 3/17/81 | 1) $250,000 each occ. P/O $1,000,000 each occ. P/O $10,000,000 each occ. X/S $15,000,000 2) $1,000,000 each occ. P/O $2,750,000 each occ. P/O $25,000,000 each occ. X/S $25,000,000 each occ. |
| 40711-6-00-81 | Atchison, Topeka & Santa Fe Railway Company | 3/17/81 - 3/17/82 | 1) $250.00 each occ. P/O $1,250,000 each occ. P/O $10,000,000 each occ. X/S $15,000,000 each occ. 2) $1,000,000 each occ. P/O $3,750,000 each occ. P/O $25,000,000 each occ. X/S $25,000,000 each occ. |
| 40711-6-00-82 | Atchison, Topeka & Santa Fe Railway Company | 3/17/82 - 3/17/83 | 1) $250,000 each occurrence P/O $1,250,000 each occurrence P/O $10,000,000 each occurrence X/S $15,250,000 each occurrence 2) $1,000,000 each occurrence P/O $4,600,000 each occurrence P/O $25,000,000 each occurrence X/S $25,250,000 each occurrence |
| 40711-6-00-83 | Atchison, Topeka & Santa Fe Railway Company | 3/17/83 - 3/31/84 | 1) $250,000 each occurrence P/O $1,250,000 each occurrence P/O $10,000,000 each occurrence X/S $15,500,000 each occurrence 2) $1,000,000 each occurrence P/O $3,250,000 each occurrence P/O $25,000,000 each occurrence X/S $25,500,000 |
| 43785-1-00-84 | Atchison, Topeka & Santa Fe Railway Company | 3/31/84 - 3/31/85 | $1,000,000 any one occ. P/O $7,000,000 any one occ. P/O $100,000,000 ultimate net loss any one occ. X/S $100,000,000 ultimate net loss any one occ. X/S primary or SIR |
| 40437-9-00-78 | Norfolk Southern | 1/12/78 - 7/11/78 | $1,000,000 each occurrence P/O $2,000,000 each occurrence X/S $41,000,000 each occurrence |

| CERTIFICATE NUMBER | UNDERLYING POLICYHOLDER | REINSURANCE COVERAGE DATES | REINSURANCE LIMITS |
|---|---|---|---|
| 40697-4-00-78 | Norfolk Southern | 7/11/78 - 7/11/79 | 1) $1,000,000 each occ P/O $3,585,400 each occ P/O $15,000,000 each occ X/S $35,000,000 each occ. 2) $1,000,000 each occ P/O $3,000,000 each occ P/O $10,000,000 each occ X/S $50,000,000 each occ. |
| 40697-4-00-79 | Norfolk Southern | 7/11/79 - 7/11/80 | 1) $1,000,000 each occ/agg. P/O $25,000,000 each occ/agg. (where applicable) X/S $25,000,000 each occ/agg. (where applicable) 2) $1,000,000 each occ/agg. P/O $25,000,000 each occ/agg. (where applicable) X/S $50,000,000 each occ. |
| 40697-4-00-80 | Norfolk Southern | 7/11/80 - 7/11/81 | 1) $1,000,000 each occ/agg. P/O $4,072,665 each occ/agg. P/O $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg. 2) $1,000,000 each occ/agg. P/O $4,699,964 each occ/agg. P/O $25,000,000 each occ/agg. X/S $50,000,000 each occ/agg. |
| 40697-4-00-81 | Norfolk Southern | 7/11/81 - 7/11/82 | 1) $1,000,000 each occ/agg. P/O $5,662,500 each occ/agg. P/O $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg. 2) $1,000,000 each occ/agg. P/O $5,625,000 each occ/agg. P/O $25,000,000 each occ/agg. X/S $50,000,000 each occ/agg. |
| 40697-4-00-82 | Norfolk Southern | 7/11/82 - 7/11/85 | 7/11/82 - 7/11/83 Endorsement No. 1 1) $500,000 each occ. P/O $5,000,000 each occ. P/O $35,000,000 each occ. X/S $13,000,000 each occ. X/S $2,000,000 each occ. S.I.R. or in excess of Insured Primaries as indicated in Section II, Policy Limits, of this Certificate 2) $1,500,000 each occ. P/O $7,500,000 each occ. P/O $75,000,000 each occ. X/S $48,000,000 each occ. X/S $2,000,000 each occ. S.I.R. or in excess of Insured Primaries as indicated in Section II, Policy Limits, of this Certificate |
| 40697-4-00-82 | Norfolk Southern | 7/11/82 - 7/11/85 | 7/11/83 - 7/11/84 Endorsement No. 3 1) $500,000 each occ P/O $5,600,000 each occ P/O $35,000,000 each occ X/S $13,000,000 each occ X/S $2,000,000 each occ. S.I.R. or in excess of Insured Primaries as indicated in Section II, Policy Limits, of this Certificate 2) $1,500,000 each occ P/O $9,000,000 each occ P/O $75,000,000 each occ X/S $48,000,000 each occ X/S $2,000,000 each occ S.I.R. or in excess of Insured Primaries as indicated in Section II, Policy Limits, of this Certificate |

| CERTIFICATE NUMBER | UNDERLYING POLICYHOLDER | REINSURANCE COVERAGE DATES | REINSURANCE LIMITS |
|---|---|---|---|
| 40697-4-00-82 | Norfolk Southern | 7/11/84 - 7/11/85 | 7/11/84 - 7/11/85 Endorsement No. 4<br>1) $5,000,000 each occ P/O $2,550,000 each occ P/O $35,000,000 each occ X/S $13,000,000 each occ X/S $2,000,000 each occ S.I.R. or in excess of Insured Primaries as indicated in Section II, Policy Limits, of this Certificate<br>2) $1,500,000 each occ P/O $7,100,000 each occ P/O $75,000,000 each occ X/S $48,000,000 each occ X/S $2,000,000 each occ S.I.R. or in excess of Insured Primaries as indicated in Section II, Policy Limits, of this Certificate. |
| Policy No. RR 2432 | Norfolk Southern | 7/11/83 - 7/11/84 | $1,500,000 P/O $13,000,000 X/S $2,000,000 S.I.R. |
| Policy No. RR 2627 | Norfolk Southern | 7/11/85 - 7/11/86 | $20,000,000 P/O $25,000,000 X/S $25,000,000 |
| 48425-6-00-86 | Phillip Morris | 1/1/86 - 1/1/87 | $2,000,000 each occ/agg (where applicable) P/O $3,000,000 each occ/agg (where applicable) X/S $17,000,000 each occ/agg (where applicable) X/S Underlying |
| 40062-1-00-77 | Rockwell International Corp. | 4/1/77 - 4/1/78 | $1,000,000 each occurrence/aggregate P/O $22,500,000 each occurrence/aggregate P/O $40,000,000 each occurrence/aggregate X/S $60,000,000 each occurrence/aggregate |
| 40062-1-00-78 | Rockwell International Corp. | 4/1/78 - 4/1/79 | $1,000,000 each occ/agg P/O $18,000,000 each occ/agg P/O $40,000,000 each occ/agg X/S $60,000,000 each |
| 40062-1-00-79 | Rockwell International Corp. | 4/1/79 - 4/1/80 | $1,500,000 each occ/agg. P/O $18,000,000 each occ/agg. X/S $60,000,000 each occ/agg. X/S Primary |
| 40062-1-00-80 | Rockwell International Corp. | 4/1/80 - 10/1/80 | $1,000,000 each occ/agg. P/O $28,000,000 each occ/agg. P/O $40,000,000 each occ/agg. X/S $60,000,000 each occ/agg. X/S Underlying |
| 40062-1-00-80A | Rockwell International Corp. | 10/1/80 - 10/1/81 | $1,000,000 each occ/agg. P/O $28,000,000 each occ/agg. X/S Underlying |
| 40062-1-00-81 | Rockwell International Corp. | 10/1/81 - 10/1/82 | $1,000,000 each occ/agg. P/O $28,000,000 each occ/agg. P/O $40,000,000 each occ/agg. X/S Primary |

| CERTIFICATE NUMBER | UNDERLYING POLICYHOLDER | REINSURANCE COVERAGE DATES | REINSURANCE LIMITS |
|---|---|---|---|
| 40062-1-00-82 | Rockwell International Corp. | 10/1/82 - 10/1/83 | $1,000,000 each occ/agg. (where applicable) P/O $40,000,000 each occ/agg. X/S $60,000,000 each occ/agg. (where applicable) X/S Primary |
| 40062-1-00-83 | Rockwell International Corp. | 10/1/83 - 10/1/84 | $1,250,000 each occ/agg. P/O $28,000,000 each occ/agg. P/O $40,000,000 each occ/agg. X/S $60,000,000 each occ/agg. (where applicable) X/S Primary |
| 41626-8-00-79 | Rockwell International Corp. | 4/1/79 - 4/1/80 | $500,000 each occ./agg. P/O $10,000,000 each occ./agg. X/S $120,000,000 each occ./agg. X/S Underlying. |
| 44282-7-00-80 | Rockwell International Corp. | 4/1/80 - 4/1/81 | $750,000 CSL each Occ/agg. P/O $10,000,000 CSL each Occ/agg. X/S Underlying |
| 44282-7-00-80A | Rockwell International Corp. | 10/1/80 - 10/1/81 | $750,000 C.S.L. each Occ/agg. P/O $10,000,000 C.S.L. each occ/agg. X/S Primary |
| 44282-7-00-81 | Rockwell International Corp. | 10/1/81 - 10/1/82 | $750,000 C.S.L. each Occ/agg. P/O $10,000,000 C.S.L. each occ/agg. X/S Primary |
| 44282-7-00-83 | Rockwell International Corp. | 10/1/83 - 10/1/84 | $750,000 C.S.L. each occ/agg. (where applicable) P/O $10,000,000 C.S.L. each occ/agg. (where applicable) X/S Primary |
| 44282-7-00-84 | Rockwell International Corp. | 10/1/84 - 10/1/85 | $500,000 CSL each occ/agg (where applicable) P/O $5,000,000 CSL each occ/agg (where applicable) X/S Primary |
| 43148-3-00-79 | United Technologies | 10/1/79 - 10/1/80 | 1) $1,000,000 each occ/agg. P/O $13,750,000 each occ/agg. P/O $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg. X/S Primary 2) $1,000,000 each occ/agg. P/O $5,000,000 each occ/agg. P/O $50,000,000 each occ/agg. X/S $100,000,000 each occ/agg. X/S Primary |
| 43148-3-00-80 | United Technologies | 10/1/80 - 10/1/81 | 1) $1,000,000 each occ/agg. P/O $14,000,000 each occ/agg. P/O $30,000,000 each occ/agg. X/S $20,000,000 each occ/agg. X/S Primary 2) $1,000,000 each occ/agg. P/O $10,150,000 each occ/agg. P/O $75,000,000 each occ/agg. X/S $100,000,000 each occ/agg. X/S Primary |
| 43148-3-00-81 | United Technologies | 10/1/81 - 10/1/82 | 1) $1,000,000 each occ/agg. P/O $15,000,000 each occ/agg. P/O $30,000,000 each occ/agg. X/S $20,000,000 each occ/agg. X/S Primary. 2) $1,000,000 each occ/agg. P/O $10,000,000 each occ/agg. P/O $100,000,000 each occ/agg. X/S Primary. |

| CERTIFICATE NUMBER | UNDERLYING POLICYHOLDER | REINSURANCE COVERAGE DATES | REINSURANCE LIMITS |
|---|---|---|---|
| 43148-3-00-82 | United Technologies | 10/1/82 - 10/1/83 | 1) $1,000,000 each occ/agg. P/O $15,000,000 each occ/agg. P/O $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg. X/S Underlying 2) Remains the same |
| 43148-3-00-83 | United Technologies | 10/1/83 - 10/1/84 | $1,000,000 each occ/agg P/O $15,000,000 each occ/agg P/O $25,000,000 each occ/agg X/S $25,000,000 each occ/agg X/S Underlying |
| 63865-2-00-84 Policy No. XSI 8884 | United Technologies United Technologies | 10/1/84 - 10/1/85 | $2,000,000 each occ.agg P/O $15,000,000 each occ/agg P/O $25,000,000 each occ/agg X/S $25,000,000 each occ/agg X/S Underlying |

# FACULTATIVE REINSURANCE CERTIFICATE



**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

Certificate Number **40710-7-00-78**
Prior Certificate Number    **New**

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**  International Surplus Lines Insurance Co.-Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**  The Atchison, Topeka and Santa Fe Railway Co., Etal
Address  Topeka, Kansas
Policy Number  RR 2015          Policy Period     From  2/15/78  To 2/15/79

**3. Period of this Certificate**                          From  2/15/78  To 2/15/79

**4. Schedule of Reinsurance Afforded**
Date of Acceptance     2/15/78

| | |
|---|---|
| Section I<br>TYPE OF<br>INSURANCE | Excess Railroad Liability |
| Section II<br>POLICY<br>LIMITS | $3,150,000 each occurrence P/O $10,000,000 each occurrence<br>x/s $40,000,000 each occurrence |
| Section III<br>COMPANY<br>RETENTION | Nil this Layer |
| Section IV<br>REINSURANCE<br>ACCEPTED | $1,000,000 each occurrence P/O $3,150,000 each occurrence P/O<br>$10,000,000 each occurrence x/s $40,000,000 each occurrence |

**5. Reinsurance Premium Computation**

☒ Adjustable Premium
Adjustable at $.04 per $1000.00
of gross revenues.

☐ Non-adjustable Premium

Installment Premium
Due Date          Amount Due
_2/15/78_          _$5050.00_

Total Premium          $5050.00
(subj. to 17.5% ceding commission)

**6. Intermediary**  L.W. Biegler - Chicago, IL

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name  *George L. Messenger*

Title  **Vice President**

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804  8-76  2M

Printed in U.S.A.



# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statutes of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

**CANCELLATION.** Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer and shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

KEMPER REINSURANCE COMPANY

It is understood and agreed that Cancellation Clause I is amended to read as follows:

"Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate.  This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, thereafter, such cancellation shall be effective.  Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus ___30___ days, the total not to exceed ___45___ days in all."

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number ___40710-7-00-78___

REINSURED:  International Surplus Lines Ins. Co.

INSURED: The Atchison, Topeka and Santa Fe Railway Co., Etal

ENDORSEMENT NO.: 1

ENDORSEMENT EFFECTIVE DATE: 2/15/78

*George L. Messenger*
Authorized Signature

FRU-3

KEMPER REINSURANCE COMPANY

In accordance with the premium adjustment for the period
from February 15, 1978 to March 17, 1979, an Additional
Premium of $1,263.74 is now due.

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number   40710-7-00-78

REINSURED:  International Surplus Lines Insurance Co.

INSURED:   The Atchison, Topeka and Santa Fe Railway Co., Etal

ENDORSEMENT NO.:    3

ENDORSEMENT EFFECTIVE DATE:    March 17, 1979 .

                                    _George L. Messenger_
                                    Authorized Signature

FRU-2

# FACULTATIVE REINSURANCE CERTIFICATE



**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

Certificate Number  **40711-6-00-78**
Prior Certificate Number  **New**

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**  International Surplus Lines Insurance Co.-Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**  The Atchison, Topeka and Santa Fe Railway Co., Etal
Address  Topeka, Kansas
Policy Number  RR 2013                  Policy Period  From  2/15/78  to  2/15/79

**3. Period of this Certificate**                        From  2/15/78  to  2/15/79

**4. Schedule of Reinsurance Afforded**          Date of Acceptance  2/15/78

| | |
|---|---|
| Section I<br>TYPE OF<br>INSURANCE | Excess Railroad Liability |
| Section II<br>POLICY<br>LIMITS | $1,500,000 each occurrence P/O $10,000,000 each occurrence x/s $15,000,000 each occurrence |
| Section III<br>COMPANY<br>RETENTION | Nil this Layer |
| Section IV<br>REINSURANCE<br>ACCEPTED | $250,000 each occurrence P/O $1,500,000 each occurrence P/O $10,000,000 each occurrence x/s $15,000,000 each occurrence |

**5. Reinsurance Premium Computation**

☒ Adjustable Premium
**Adjustable at rate of $.208
per $1000 of gross Revenues**

☐ Non-adjustable Premium

Installment Premium
Due Date          Amount Due
_2/15/78_       $6912.50

Total Premium      $6912.50

**6. Intermediary**  L.W. Biegler - Chicago, IL

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name  *George L. Messenger*

Title  **Vice President**

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804  8-76  2A1

Printed in U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

**1.** With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

**2.** With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

**CANCELLATION.** Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

KEMPER REINSURANCE COMPANY

In consideration of an additional premium of $566.83, it is
hereby understood and agreed that the Primary Policy and this
Certificate are extended to expire March 17, 1979.

All other terms and conditions of the Certificate remain unchanged.
_____
Attached to and forming part of Certificate Number  40711-6-00-78
REINSURED:  International Surplus Lines Insurance Co.
INSURED:   The Atchison, Topeka & Santa Fe Railway Co.
ENDORSEMENT NO.:    2
ENDORSEMENT EFFECTIVE DATE:  2-15-79
_____

_George L. Messenger_
Authorized Signature

FRU-2

# FACULTATIVE REINSURANCE CERTIFICATE



**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

Certificate Number    40711-6-00-79
Prior Certificate Number    40711-6-00-78

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**  International Surplus Lines Ins. Co., Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**  Atchison, Topeka & Santa Fe Railway Company
Address    Topeka, Kansas

| Policy Number: 1) RR-2108 | Policy Period | From 3-17-79 (1) To 3-17-80 |
|---|---|---|
| 2) RR-2109 | | 3-17-79 (2) 3-17-80 |

**3. Period of this Certificate**  From 3-17-79  To 3-17-80

**4. Schedule of Reinsurance Afforded**    Date of Acceptance  3-17-79

| Section I TYPE OF INSURANCE | Excess Railroad Liability, Bodily Injury, Property Damage, FELA including Care, Custody and Control |
|---|---|
| Section II POLICY LIMITS | 1) $1,000,000 each occ. P/O $10,000,000 each occ. X/S $15,000,000 each occ. |
| | 2) $2,750,000 each occ. P/O $25,000,000 each occ. X/S $25,000,000 each occ. |
| Section III COMPANY RETENTION | 1) Nil this layer |
| | 2) Nil this layer |
| Section IV REINSURANCE ACCEPTED | 1) $250,000 each occ. P/O $1,000,000 each occ. P/O $10,000,000 each occ. X/S $15,000,000 each occ. |
| | 2) $1,000,000 each occ. P/O $2,750,000 each occ. P/O $25,000,000 each occ. X/S $25,000,000 each occ. |

**5. Reinsurance Premium Computation**

☒ Adjustable Premium
1) @ .0500 per $1,000 Gross Revenue
2) @ .0400 per $1,000 Gross REvenue

☐ Non-adjustable Premium

Installment Premium
Due Date    Amount Due
3-17-79    1) $7,310.25  2) $7,541.08

Total Premium  1) $7,310.25  2) $7,541.08
(Subj. to 17.5% ceding commission)

**6. Intermediary**  L. W. Biegler, Chicago, IL

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name  _George L. Messenger_

Title  **SENIOR VICE PRESIDENT**

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804  6-79  10M

Printed in U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

**1.** With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

**2.** With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

**CANCELLATION.** Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this Certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

## KEMPER REINSURANCE COMPANY

It is understood and agreed that Cancellation Clause J is amended to read as follows:

"Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, thereafter, such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus_____15__days, the total not to exceed_____75_____days in all."

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number__40711-6-00-79__

REINSURED: International Surplus Lines Insurance Company

INSURED: Atchison, Topeka and Santa Fe Railway Co.

ENDORSEMENT NO.: 1

ENDORSEMENT EFFECTIVE DATE: March 17, 1979

*George L. Messinger*
Authorized Signature

FRU-3

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2541

**Facultative
Reinsurance
Certificate**



**Kemper Reinsurance Company**
DOES HEREBY REINSURE:

Certificate Number    40711-6-00-80
Prior Certificate Number    40711-6-00-79

**1. Name and Address of Reinsured**    International Surplus Lines Insurance Co. - Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured** Atchison, Topeka and Santa Fe Railway Company
Address    Topeka, KS

Policy Number 1) RR 2209    Policy Period    From 1) 3-17-80 To    3-17-81
2) RR2210    2) 3-17-80    3-17-81
**3. Period of this Certificate**    From    3-17-80 To 3-17-81

**4. Schedule of Reinsurance Afforded**    Date of Acceptance    3-17-80

| Section I TYPE OF INSURANCE | Excess Railroad Liability, Personal Injury, Property Damage, F.E.L.A., and Care, Custody, and Control |
|---|---|
| Section II POLICY LIMITS | 1) $1,000,000 each occ. P/O $10,000,000 each occ. X/S $15,000,000<br>2) $2,750,000 each occ. P/O $25,000,000 each occ. X/S $25,000,000 each occ. |
| Section III COMPANY RETENTION | 1)  Nil this layer<br>2)  Nil this layer |
| Section IV REINSURANCE ACCEPTED | 1) $250,000 each occ. P/O $1,000,000 each occ. P/O $10,000,000 each occ. X/S $15,000,000<br>2) $1,000,000 each occ. P/O $2,750,000 each occ. P/O $25,000,000 each occ. X/S $25,000,000 each occ. |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

Installment Premium
Due Date          Amount Due
3-17-80    1) $9000.00    2) $8600.00

☒ Non-adjustable Premium

Total Premium    1) $9000.00    2) $8600.00
**6. Intermediary** L. W. Biegler, Inc. - Chicago, IL    (subject to 17.5% ceding commission)

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name _George L. Messinger_

Title  Senior Vice President

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804  10-79  10M

Printed in U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The company warrants to retain for its own account or that of its treaty reinsurers the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

**1.** With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

**2.** With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

**CANCELLATION.** Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer and shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative
Reinsurance
Certificate**



Kemper Reinsurance Company
(herein called the Reinsurer)

Certificate Number  40711-6-00-81
Prior Certificate Number  40711-6-00-80

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured** International Surplus Lines Ins. Co. - Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured** Atchison, Topeka & Santa Fe Railway Company
Address Topeka, Kansas

| Policy Number | Policy Period | From 3-17-81 | To 3-17-82 |
|---|---|---|---|

**3. Period of this Certificate**                                                          From 3-17-81     To 3-17-82

**4. Schedule of Reinsurance Afforded**                                      Date of Acceptance 3-17-81

| Section I TYPE OF INSURANCE | Excess Personal Injury, Property Damage, Federal Employers Liability Act, Bill of Lading & Foreign Rolling Stock |
|---|---|
| Section II POLICY LIMITS | 1) $1,250,000 each occ P/O $10,000,000 each occ X/S $15,000,000 each occ. 2) $3,750,000 each occ P/O $25,000,000 each occ X/S $25,000,000 each occ. |
| Section III COMPANY RETENTION | 1) NIL This Layer 2) NIL This Layer |
| Section IV REINSURANCE ACCEPTED | 1) $250,000 each occ P/O $1,250,000 each occ P/O $10,000,000 each occ X/S $15,000,000 each occ. 2) $1,000,000 each occ P/O $3,750,000 each occ P/O $25,000,000 each occ X/S $25,000,000 each occ. |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

| | Installment Premium Due Date | Amount Due |
|---|---|---|
| | 3-17-81 | 1) $8125.00     2) $6400.00 |

☒ Non-adjustable Premium

| Total Premium | 1) $8125.00     2) $6400.00 |
|---|---|
| Commission | 20 % |

**6. Intermediary** W. Biegler, Inc.                    Chicago, Il  60606

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name _George L. Messenger_

Title Senior Vice President

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804-2  4-81  10M

PRINTED IN U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The Company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by the Company by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. This Certificate may also be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus thirty (30) days.

In the event of non-payment of any original, renewal or additional premium this Certificate may be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause, and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

**Kemper Reinsurance Company**
Long Grove, IL 60049   312|540-2600    TWX 910 651 3571   Telex 28 2501
Telecopier (Low Speed) • 312|540-2494
Telecopier (High Speed-Express 9600) • 312|540-2265



Date: August 10, 1981

To: I.W. Biegler, Inc.  — Mike Garafolo

_____ 100th Floor, Sears Tower

_____ 233 South Wacker

_____ Chicago, IL  60606

Your Reference # RR2298 and 2299

Our Certificate # 40711-6-00-81

A/C Atchison, Topeka & Santa Fe Railway Company

R/I  International Surplus Lines Ins. Co. - Chicago, Il

☒ Enclosed is our Certificate #                         ☐ Enclosed is our Endorsement(s) #

☐ Enclosed is a signed copy of your confirmation letter.

**YOUR PROMPT CONSIDERATION OF THE ITEM(S) CHECKED BELOW WILL BE APPRECIATED.**

☐ Please forward a statement of values.

☐ Please forward inspection reports.

☐ Please forward closing documents.

☐ Account premium past due. Please remit or advise.

☐ Other:

_____
_____
_____
_____
_____

KEMPER REINSURANCE COMPANY

_Susan Haas_
Susan Haas
Facultative Reinsurance Assumed

REPLY:

1c    D 2784-2    2-81    10M

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative Reinsurance Certificate**



Kemper Reinsurance Company
(herein called the Reinsurer)

Certificate Number  40711-6-00-82
Prior Certificate Number  40711-6-00-81

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured** International Surplus Lines Insurance Company - Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured** Atchison, Topeka and Santa Fe Railway Company
Address Topeka, Kansas

| Policy Number 1) RR 2388 | Policy Period | From 3/17/82 | To 3/17/83 |
| 2) RR 2389 | | 3/17/82 | 3/17/83 |

**3. Period of this Certificate**  From 3/17/82   To 3/17/83

**4. Schedule of Reinsurance Afforded**      Date of Acceptance 3/17/82

| Section I<br>TYPE OF<br>INSURANCE | See Endorsement No. 1 |
| Section II<br>POLICY<br>LIMITS | See Endorsement No. 1 |
| Section III<br>COMPANY<br>RETENTION | See Endorsement No. 1 |
| Section IV<br>REINSURANCE<br>ACCEPTED | See Endorsement No. 1 |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

| | Installment Premium<br>Due Date | Amount Due | |
| --- | --- | --- | --- |
| | 3/17/82 | 1) $4687.50 | 2) $3400.00 |
| | 9/17/82 | 1) $4687.50 | 2) $3400.00 |
| | Total Premium | 1) $9375.00 | 2) $6800.00 |
| | Commission | — 20 | % |

☒ Non-adjustable Premium

**6. Intermediary** L. W. Biegler, Inc.      Chicago, Illinois  60606

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name _George L. Messenger_

Title  Senior Vice President

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804-2  4-81  10M                                    PRINTED IN U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

RETENTION AND APPLICATION OF LIABILITY. The Company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

COOPERATION OF COMPANY. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

NOTICE OF OCCURRENCE. Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

DEFENSE OF CLAIMS OR SUITS. While the Reinsurer does not undertake to investigate or defend claims or suits it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

LOSS PAYABLE. All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

SALVAGE. The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

PREMIUM TAXES. The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

INSOLVENCY. In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by the Company by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. This Certificate may also be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus thirty (30) days.

In the event of non-payment of any original, renewal or additional premium this Certificate may be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

OFFSET CLAUSE. The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

NON-CONCURRENT. The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

## KEMPER REINSURANCE COMPANY

It is understood and agreed that this Certificate is amended to read as follows;

Section I    - <u>Type of Insurance</u>:

1)  Excess Personal Injury, Property Damage, F.E.L.A., Bill of Lading and Foreign Rolling Stock

2)  Excess Personal Injury, Property Damage and F.E.L.A.

Section II  - <u>Policy Limits</u>:

1)  $1,250,000 each occurrence P/O $10,000,000 each occurrence X/S $15,250,000 each occurrence

2)  $4,600,000 each occurrence P/O $25,000,000 each occurrence X/S $25,250,000 each occurrence

Section III - <u>Company Retention</u>:

$700,000 each occurrence - Other Layers

Section IV  - <u>Reinsurance Acepted</u>:

1)  $250,000 each occurrence P/O $1,250,000 each occurrence P/O $10,000,000 each occurrence X/S $15,250,000 each occurrence

2)  $1,000,000 each occurrence P/O $4,600,000 each occurrence P/O $25,000,000 each occurrence X/S $25,250,000 each occurrence

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40711-6-00-82

REINSURED: International Surplus Lines Insurance Company

INSURED:   Atchison, Topeka and Santa Fe Railway Company

ENDORSEMENT NO.: 1

ENDORSEMENT EFFECTIVE DATE:  3/17/82

*George L. Messenger*

Authorized Signature

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative Reinsurance Certificate**

KEMPER GROUP

Kemper Reinsurance Company
(herein called the Reinsurer)

DOES HEREBY REINSURE:

Certificate Number    40711-6-00-83
Prior Certificate Number    40711-6-00-82

**1. Name and Address of Reinsured**   International Surplus Lines Insurance Company - Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured** Atchison, Topeka and Santa Fe Railway Company
Address 9th & Jackson Streets, Topeka, KA 66628

| Policy Number 1) RR 2460 | Policy Period | From 3-17-83 | To 3-17-86 |
|---|---|---|---|
| 2) RR 2461 | | 3-17-83 | 3-17-84 |
| **3. Period of this Certificate** | | From 3-17-83 | To 3-17-84 |

**4. Schedule of Reinsurance Afforded**     Date of Acceptance 3-17-83

| | |
|---|---|
| **Section I** TYPE OF INSURANCE | SEE ENDORSEMENT NO. 1 |
| **Section II** POLICY LIMITS | SEE ENDORSEMENT NO. 1 |
| **Section III** COMPANY RETENTION | SEE ENDORSEMENT NO. 1 |
| **Section IV** REINSURANCE ACCEPTED | SEE ENDORSEMENT NO. 1 |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

X ☐ Non-adjustable Premium

Installment Premium
Due Date     Amount Due
3-17-83     1) $8125.00   2) $6600.00

Total Premium    1) $8125.00   2) $6600.00
Commission        22.5    %

**6. Intermediary** J. W. Biegler, Inc.      233 South Wacker Drive

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name _____

Title Facultative Officer

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

LD 2804-2   2-83   15M

PRINTED IN U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

RETENTION AND APPLICATION OF LIABILITY. The Company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

COOPERATION OF COMPANY. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this reinsurance, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

NOTICE OF OCCURRENCE. Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

DEFENSE OF CLAIMS OR SUITS. While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

LOSS PAYABLE. All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s), and standard War Exclusion Clause(s) for the coverage provided.

**G**

SALVAGE. The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained on recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

PREMIUM TAXES. The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

INSOLVENCY. In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by the Company by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. This Certificate may also be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus thirty (30) days.

In the event of non-payment of any original, renewal or additional premium this Certificate may be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

OFFSET CLAUSE. The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

NON-CONCURRENT. The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

KEMPER REINSURANCE COMPANY

In consideration of the Additional Premiums of 1) $308.75 and 2) $250.80, it is understood and agreed that the Primary Policy and this Certificate are extended to expire March 31, 1984.

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40711-6-00-83

REINSURED: International Surplus Lines Insurance Company - Chicago, IL

INSURED:   Atchison, Topeka and Santa Fe Railway Company

ENDORSEMENT NO.:  2

ENDORSEMENT EFFECTIVE DATE:  3-17-84

Authorized Signature

# KEMPER REINSURANCE COMPANY

It is understood and agreed that this Certificate is amended to read as follows:

### SECTION I - Type of Insurance:

1) Excess Personal Injury, Property Damage, F.E.L.A., Bill of Lading and Foreign Rolling Stock including E.I.L. coverage.

2) Excess Personal Injury, Property Damage and F.E.L.A., Bill of Lading and Foreign Rolling Stock including E.I.L. coverage.

### SECTION II - Policy Limits:

1) $1,250,000 each occurrence P/O $10,000,000 each occurrence X/S $15,500,000 each occurrence.

2) $3,250,000 each occurrence P/O $25,000,000 each occurrence X/S $25,500,000 each occurrence.

### SECTION III - Company Retention:

$800,000 each occurrence - Other Layers.

### SECTION IV - Reinsurance Accepted:

1) $250,000 each occurrence P/O $1,250,000 each occurrence P/O $10,000,000 each occurrence X/S $15,500,000 each occurrence.

2) $1,000,000 each occurrence P/O $3,250,000 each occurrence P/O $25,000,000 each occurrence X/S $25,500,000 each occurrence.

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40711-6-00-83

REINSURED: International Surplus Lines Insurance Company

INSURED:   Atchison, Topeka and Santa Fe Railway Company

ENDORSEMENT NO.:  1

ENDORSEMENT EFFECTIVE DATE:  3-17-83

Authorized Signature

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative
Reinsurance
Certificate**



Kemper Reinsurance Company
(herein called the Reinsurer)

| Certificate Number | 43785-1-00-84 |
| Prior Certificate Number | 43785-1-00-83 |

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**  International Surplus Lines Insurance Company - Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**  Santa Fe Southern Pacific Corporation; Et al (See Endt. #1)
Address  9th and Jackson Streets, Topeka, KS 66628
Policy Number  RR 2527          Policy Period          From  3-31-84      To  3-31-85

**3. Period of this Certificate**                                 From  3-31-84      To  3-31-85

**4. Schedule of Reinsurance Afforded**              Date of Acceptance  3-31-84

| Section I TYPE OF INSURANCE | EXCESS LIABILITIES - MANUSCRIPT FORM |
|---|---|
| Section II POLICY LIMITS | $7,000,000 ANY ONE OCC P/O<br>$100,000,000 ULTIMATE NET LOSS ANY ONE OCC X/S<br>$100,000,000 ULTIMATE NET LOSS ANY ONE OCC X/S PRIMARY OR SIR |
| Section III COMPANY RETENTION | $500,000 ANY ONE OCC P/O<br>$10,000,000 ULTIMATE NET LOSS ANY ONE OCC X/S<br>PRIMARY OR SIR |
| Section IV REINSURANCE ACCEPTED | $1,000,000 ANY ONE OCC P/O<br>$7,000,000 ANY ONE OCC P/O<br>$100,000,000 ULTIMATE NET LOSS ANY ONE OCC X/S<br>$100,000,000 ULTIMATE NET LOSS ANY ONE OCC X/S PRIMARY OR SIR |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

☒ Non-adjustable Premium

| Installment Premium | |
|---|---|
| Due Date  3-31-84 | Amount Due  $2500.00 |
| Total Premium | $2500.00 |
| Commission | 22.5 % |

**6. Intermediary** L.W. Biegler                              Chicago, IL  60606

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name _____

Title  **Vice President**

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804-2  4-81  10M

PRINTED IN U S A

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The Company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

**1.** With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

**2.** With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by the Company by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. This Certificate may also be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus thirty (30) days.

In the event of non-payment of any original, renewal or additional premium this Certificate may be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

## KEMPER REINSURANCE COMPANY

It is understood and agreed that the Named Insured is amended to read as follows:

Santa Fe Southern Pacific Corporation and/or Subsidiary, affiliated and allied companies as now exist or may hereafter be constituted or reconstituted; and The Valley National Bank of Arizona as Trustee under the voting trust agreement dated November 22, 1983, under which the stock of Southern Pacific Transportation Company is held in voting trust; except as herein excluded.

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 43785-1-00-84

REINSURED: International Surplus Lines Insurance Company

INSURED:   Santa Fe Southern Pacific Corporation, Et al

ENDORSEMENT NO.:  1

ENDORSEMENT EFFECTIVE DATE:  3-31-84

Authorized Signature

# FACULTATIVE REINSURANCE CERTIFICATE

08CV1846        TG
JUDGE ANDERSEN
MAGISTRATE JUDGE VALDEZ
**Kemper Reinsurance Company**
**Long Grove, IL 60049**
**Telephone: 312/540-2600**
**TELEX 28 2501**

**Kemper | Reinsurance Company**

| | |
|---|---|
| Certificate Number | 40437-9-00-78 |
| Prior Certificate Number | New |

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**   International Surplus Lines Insurance Co.-Chicago, Il
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**   Norfolk and Western Railroad Company, Etal.
Address   8 North Jefferson Street, Roanoke, Virginia
Policy Number   RR-2006   Policy Period   From  1/12/78  To  1/12/79

**3. Period of this Certificate**   From  1/12/78  To  1/12/79

**4. Schedule of Reinsurance Afforded**   Date of Acceptance   1/12/78

| | |
|---|---|
| Section I<br>TYPE OF<br>INSURANCE | Excess Railroad Liability |
| Section II<br>POLICY<br>LIMITS | $2,000,000 each occurrence X/S $41,000,000 each occurrence |
| Section III<br>COMPANY<br>RETENTION | Nil this Layer |
| Section IV<br>REINSURANCE<br>ACCEPTED | $1,000,000 each occurrence P/O $2,000,000 each occurrence X/S $41,000,000 each occurrence |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

☒ Non-adjustable Premium

| Installment Premium | |
|---|---|
| Due Date | Amount Due |
| 1/12/78 | $7000.00 |
| Total Premium | $7000.00 |

**6. Intermediary**  L. W. Biegler-Chicago, IL.   (Subj. to 17.5% ceding commission)

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name   *George L. Missenger*

Title   Vice President

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804   9-77   2M

Printed in U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

**1.** With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

**2.** With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to Company or its liquidator, receiver or statutory successor, except otherwise specified in the statues of any state having jurisdiction the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right investigate each such claim and interpose, at its own expense, in proceeding where the claim is to be adjudicated, any defense which may deem available to the Company or its liquidator, receiver statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

**CANCELLATION.** Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expenses salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company policy other than those specifically set forth in Item 1. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazard or risks of loss or damage specifically described in Item 4, Section

**M**

If the reinsurance hereunder attaches prior to the date of acceptance the Company warrants that there are no known or reported losses, which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

KEMPER REINSURANCE COMPANY

It is understood and agreed that Cancellation Clause I is amended to read as follows:

"Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate.  This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, thereafter, such cancellation shall be effective.  Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus ____30____ days, the total not to exceed ____60____ days in all."

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number ____40437-9-00-78____

REINSURED:  International Surplus Lines Insurance Company

INSURED:  Norfolk and Western Railroad Company, Etal.

ENDORSEMENT NO.:  1

ENDORSEMENT EFFECTIVE DATE:  1/12/78

_George L. Messenger_
Authorized Signature

FRU-3

## KEMPER REINSURANCE COMPANY

In consideration of a return premium of $3,549.00 it is hereby understood and agreed that the Primary Policy and this Certificate are cancelled effective July 11, 1978.

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number  40437-9-00-78

REINSURED:  International Surplus Lines Insurance Company

INSURED:  Norfolk and Western  Railroad Company, Etal.

ENDORSEMENT NO.:  2

ENDORSEMENT EFFECTIVE DATE:  July 11, 1978

*George L. Messenger*

Authorized Signature

FRU-2

### KEMPER REINSURANCE COMPANY

In consideration of a return premium of $3,549.00 it is hereby understood and agreed that the Primary Policy and this Certificate are cancelled effective July 11, 1978.

**All other terms and conditions of the Certificate remain unchanged.**

Attached to and forming part of Certificate Number ___40437-4-00-78___

REINSURED:  International Surplus Lines Insurance Company

INSURED:  Norfolk and Western  Railroad Company, Etal.

ENDORSEMENT NO.:  2

ENDORSEMENT EFFECTIVE DATE:  July 11, 1978

*George L. Messenger*
_____
Authorized Signature

FRU-2

# FACULTATIVE REINSURANCE CERTIFICATE



**Kemper Reinsurance Company**
**Long Grove, IL 60049**
**Telephone: 312/540-2600**
**TELEX 28 2501**

Certificate Number    **40697-4-00-78**

Prior Certificate Number    **NEW**

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured** **INTERNATIONAL SURPLUS LINES INSURANCE CO., CHICAGO, ILL.**
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment
of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured** **Norfolk and Western Railroad Co.**
Address **8' North Jefferson Street Roanoke, Virginia 24011**
Policy Number **11 RP 2078**    Policy Period    From **7/11/78** To **7/11/79**

**3. Period of this Certificate**    From **7/11/78** to **7/11/79**

**4. Schedule of Reinsurance Afforded**    Date of Acceptance **7/11/78**

| Section I<br>TYPE OF<br>INSURANCE | **Excess Railroad Liability** |
|---|---|
| Section II<br>POLICY<br>LIMITS | 1) **$3,585,400 each occurrence P/O $15,000,000 each occurrence X/S $35,000,000 each occurrence.**<br>2) **$3,000,000 each occurrence P/O $10,000,000 each occurrence X/S $50,000,000 each occurrence.** |
| Section III<br>COMPANY<br>RETENTION | **$300,000 each occurrence various layers.** |
| Section IV<br>REINSURANCE<br>ACCEPTED | 1) **$1,000,000 each occ P/O $3,585,400 each occ P/O $15,000,000 each occ X/S $35,000,000 each occ.**<br>2) **$1,000,000 each occ P/O $3,000,000 each occ P/O $10,000,000 each occ X/S $50,000,000 each occ.** |

**5. Reinsurance Premium Computation**

| | | Installment Premium | | |
|---|---|---|---|---|
| ☒ Adjustable Premium | 1) @ .006 per $1000 gross<br>Revenue | Due Date | Amount Due | |
| | | **7/11/78** | 1) **6667.00** | 2) **3500.00** |
| ☐ Non-adjustable Premium | | Total Premium | 1) **6667.00** | 2) **3500.00** |

(Subject to 17.5% ceding commissio

**6. Intermediary** **L. W. Biegler Inc., Chicago, Ill.**

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name *George L. Messinger*

Title **Vice President**

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a
Part of this Certificate.

D 2804  6-78  3M                                                                        Printed in U.S.A.

### KEMPER REINSURANCE COMPANY

It is understood and agreed that Cancellation Clause J is amended to read as follows:

"Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when thereafter such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus   15   days, the total not to exceed ___45___ days in all."

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40697-4-00-78

REINSURED:   International Surplus Lines Insurance Company

INSURED:   Norfolk and Western Railroad Company

ENDORSEMENT NO.: 1

ENDORSEMENT EFFECTIVE DATE:  July 11, 1978

Authorized Signature

PRU-3

# FACULTATIVE REINSURANCE CERTIFICATE



**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

| | |
|---|---|
| Certificate Number | 40697-4-00-79 |
| Prior Certificate Number | 40697-4-00-78 |

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**   **International Surplus Lines Ins. Co., Chicago, IL**
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**   **Norfolk and Western Railway Company, Etal**
Address   **8 North Jefferson Street, Roanoke, Virginia   24011**
Policy Number 1)   **RR 2171**   Policy Period   From 1) **7-11-79** To 1) **7-11-80**
2)   **RR 2172**   2) **7-11-79**   2) **7-11-80**
**3. Period of this Certificate**   From   **7-11-79** To   **7-11-80**

**4. Schedule of Reinsurance Afforded**   Date of Acceptance   **7-11-79**

| | |
|---|---|
| Section I TYPE OF INSURANCE | (SEE ENDORSEMENT NO. 2) |
| Section II POLICY LIMITS | (SEE ENDORSEMENT NO. 2) |
| Section III COMPANY RETENTION | (SEE ENDORSEMENT NO. 2) |
| Section IV REINSURANCE ACCEPTED | (SEE ENDORSEMENT NO. 2) |

**5. Reinsurance Premium Computation**

☒ Adjustable Premium
1) (minimum deposit)
2) N/A

☐ Non-adjustable Premium

Installment Premium
Due Date   **7-11-79**   Amount Due   1) **$10,000.00** 2) **$3,000.00**

Total Premium   1) **$10,000.00** 2) **$3,000.00**
(Subj. to 17.5% ceding commission)

**6. Intermediary L. W. Biegler Inc., Chicago, IL**

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name   *George L. Messinger*

Title   **SENIOR VICE PRESIDENT**

The Provisions and stipulations of the Reinsurance Clauses on the Reverse hereof are Hereby Made a Part of This Certificate.

D 2804  9-79  4M

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**
**RETENTION AND APPLICATION OF LIABILITY.** The company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**
**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**
**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**
**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**
**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**
The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**
**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**
**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**
**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**
**CANCELLATION.** Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**
**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**
**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**
If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**
Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policies reinsured.



The terms of this Certificate shall not be waived or changed . . . . . . . agreement issued to form a part hereof, executed by authorized representative of the Reinsurer.

EMPER REINSURANCE COMPANY

It is understood and agreed that Cancellation Clause J is amended to read as follows:

"Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate.  This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, thereafter, such cancellation shall be effective.  Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus    15    days, the total not to exceed    45    days in all."

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number   40697-4-00-79

REINSURED:  International Surplus Lines Insurance Company

INSURED:   Norfolk and Western Railway Company, Etal

ENDORSEMENT NO.: 1

ENDORSEMENT EFFECTIVE DATE:  July 11, 1979

_George L. Messenger_
Authorized Signature

FRU-3

KEMPER REINSURANCE COMPANY

It is hereby understood and agreed that this Certificate is amended to read as follows:

SECTION I - TYPE OF INSURANCE

Excess Railroad Liability, BI, PD, FELA, USL & HW Jones Act, Products and Completed Operations (In respect to Coal Car Mfg.) excluding Care, Custody and Control

SECTION II - POLICY LIMITS

1. $4,756,262 each occ./agg. P/O $25,000,000 each occ./agg. (where applicable) X/S $25,000,000 each occ./agg. (where applicable)

2. $4,374,125 each occ./agg. P/O $25,000,000 each occ./agg. (where applicable) X/S $50,000,000 each occ./agg. (where applicable)

SECTION III - COMPANY RETENTION

1. Nil this layer

2. Nil this layer

SECTION IV - REINSURANCE ACCEPTED

1. $1,000,000 each occ./agg. P/O $25,000,000 each occ./agg. (where applicable) X/S $25,000,000 each occ./agg. (where applicable)

2. $1,000,000 each occ./agg. P/O $25,000,000 each occ./agg. (where applicable) X/S $50,000,000 each occ./agg. (where applicable)

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40697-4-00-79

REINSURED:  International Surplus Lines Insurance Company

INSURED:  Norfolk and Western Railway Company, Etal

ENDORSEMENT NO.:  2

ENDORSEMENT EFFECTIVE DATE:  July 11, 1979

_George L. Messenger_
Authorized Signature

FRU-2

## Kemper Reinsurance Company
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative**
**Reinsurance**
**Certificate**



08CV1846        TG
JUDGE ANDERSEN
MAGISTRATE JUDGE VALDEZ

Certificate Number   40697-4-00-80
Prior Certificate Number   40697-4-00-79

**Kemper Reinsurance Company**

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured** International Surplus Lines Ins. Co. - Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured** Norfolk and Western Railroad Co.

| Address | 8 North Jefferson St.    Roanoke, VA  24011 | | | | | |
|---|---|---|---|---|---|---|
| Policy Number | 1) RR2272 | Policy Period | From | 7-11-80 | To | 7-11-81 |
| | 2) RR2273 | | | 7-11-80 | | 7-11-81 |
| **3. Period of this Certificate** | | | From | 7-11-80 | To | 7-11-81 |

**4. Schedule of Reinsurance Afforded**          Date of Acceptance   7-11-80

| Section I TYPE OF INSURANCE | SEE ENDORSEMENT #1 |
|---|---|
| Section II POLICY LIMITS | SEE ENDORSEMENT #1 |
| Section III COMPANY RETENTION | SEE ENDORSEMENT #1 |
| Section IV REINSURANCE ACCEPTED | SEE ENDORSEMENT #1 |

**5. Reinsurance Premium Computation**

☒ Adjustable Premium
   1) @.0056 per $1000 Gross Revenue
   2) Flat

☐ Non-adjustable Premium

Installment Premium
| Due Date | Amount Due |
|---|---|
| 7-11-80 | 1) $9000.00   2) $2800.00 |

Total Premium   1) $9000.00   2) $2800.00
(subject to 17.5% ceding comm.)

**6. Intermediary** L. W. Biegler, Inc.          Chicago, IL  60606

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name   *George L. Messenger*

Title   Senior Vice President

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

## KEMPER REINSURANCE COMPANY

It is hereby understood and agreed that this Certificate is amended to read as follows:

Section I - Type of Insurance:

1) Excess Railroad Liability, Personal Injury, Property Damage Liability, Including Products and Completed Operations Liablty, W.C.A. and/or FELA and/or O.D. and U.S.L.H.W. and Jones Act but excluding Care, Custody and Control

2) Excess Railroad Liability, Personal Injury, Property Damage Liability, Including Products and Completed Operations Liability, W.C.A. and/or FELA and/or O.D. and/or U.S.L.H.W. and Jones Act but excluding Care, Custody, and Control

Section II - Policy Limits:

1) $4,072,665 each occ/agg. p/ $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg.

2) $4,699,964 each occ/agg. P/O $25,000,000 each occ/agg. X/S $50,000,000 each occ/agg.

Section III - Company Retention:

$225,000 each occ/agg. P/O $8,000,000 each occ/agg. X/S $2,000,000 each occ/agg.

Section IV - Reinsurance Accepted:

1) $1,000,000 each occ/agg. P/O $4,072,665 each oc/agg. P/O $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg.

2) $1,000,000 each occ/agg. P/O $4,699,964 each occ/agg. P/O $25,000,000 each occ/agg. X/S $50,000,000 each occ/agg.

All other terms and conditions of the Certificate remain unchanged.

---

Attached to and forming part of Certificate Number 40697-4-00-80

REINSURED: International Surplus Lines Insurance Company

INSURED:   Norfolk and Western Railroad Company

ENDORSEMENT NO.:  1

ENDORSEMENT EFFECTIVE DATE:  7-11-80

*George L. Messinger*

Authorized Signature

# KEMPER REINSURANCE COMPANY

It is understood and agreed that Cancellation Clause J is amended to read as follows:

"Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, thereafter, such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus 15 days, the total not to exceed 75 days in all."

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40697-4-00-30

REINSURED:   International Surplus Lines Insurance Company

INSURED:   Norfolk and Western Railroad Company

ENDORSEMENT NO.:  2

ENDORSEMENT EFFECTIVE DATE:  7-11-80

_George L. Messinger_
Authorized Signature

## KEMPER REINSURANCE COMPANY

It is understood and agreed that Cancellation Clause J is amended to read as follows:

"Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate.  This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, thereafter, such cancellation shall be effective.  Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus 15 days, the total not to exceed 75 days in all."

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40697-4-00-80

REINSURED:   International Surplus Lines Insurance Company

INSURED:    Norfolk and Western Railroad Company

ENDORSEMENT NO.:   2

ENDORSEMENT EFFECTIVE DATE:   7-11-80

_George L. Messinger_
Authorized Signature

## Kemper Reinsurance Company
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative Reinsurance Certificate**



Kemper Reinsurance Company
(herein called the Reinsurer)

| | |
|---|---|
| Certificate Number | 40697-4-00-81 |
| Prior Certificate Number | 40697-4-00-80 |

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**  International Surplus Lines Insurance Co. - Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**  Norfolk and Western Railroad Co.
Address 8 North Jefferson Street, Roanoke, VA  24011

| Policy Number | 1) RR 2362 | Policy Period | From 7-11-81 | To 7-11-82 |
|---|---|---|---|---|
| | 2) RR 2363 | | 7-11-81 | 7-11-82 |

**3. Period of this Certificate**  From 7-11-81  To 7-11-82

**4. Schedule of Reinsurance Afforded**      Date of Acceptance 7-11-81

| | |
|---|---|
| Section I TYPE OF INSURANCE | See Endorsement #1 |
| Section II POLICY LIMITS | See Endorsement #1 |
| Section III COMPANY RETENTION | See Endorsement #1 |
| Section IV REINSURANCE ACCEPTED | See Endorsement #1 |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

☒ Non-adjustable Premium

| Installment Premium Due Date | Amount Due |
|---|---|
| 7-11-81 | 1) $7000.00    2) $2,400.00 |

| | |
|---|---|
| Total Premium | 1) $7000.00    2) $2,400.00 |
| Commission | 20    % |

**6. Intermediary**  I. W. Biegler Inc.      Chicago, IL  90010

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name _George L. Messinger_

Title  **Senior Vice President**

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804-2  4-81  10M

PRINTED IN U.S.A.

KEMPER REINSURANCE COMPANY

It is understood and agreed that this Certificate is amended to read as follows:

Section I   - TYPE OF INSURANCE:
1) Excess Personal Injury and Property Damage Liability, Including Products and Completed Operations Liability, W.C.A. and/or FELA and/or O.D. and U.S.L.H.W. and Jones Act But Excluding Care, Custody and Control Except on Both Terminal Operator's Policies.

2) Same as above

Section II  - POLICY LIMITS:
1) $5,662,500 each occ/agg. P/O $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg.

2) $5,625,000 each occ/agg. P/O $25,000,000 each occ/agg. X/S $50,000,000 each occ/agg.

Section III - COMPANY RETENTION:
$250,000 each occ/agg. P/O $15,000,000 each occ/agg. X/S $10,000,000 each occ/agg.

Section IV  - REINSURANCE ACCEPTED:
1) $1,000,000 each occ/agg. P/O $5,662,500 each occ/agg. P/O $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg.

2) $1,000,000 each occ/agg. P/O $5,625,000 each occ/agg. P/O $25,000,000 each occ/agg. X/S $50,000,000 each occ/agg.

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40697-4-00-81

REINSURED: International Surplus Lines Ins. Co.

INSURED:   Norfolk and Western Railroad Co.

ENDORSEMENT NO.:  1

ENDORSEMENT EFFECTIVE DATE:  7-11-81

_George L. Messenger_
Authorized Signature

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 2B 2501

**Facultative Reinsurance Certificate**

**KEMPER GROUP**

08CV1846        TG
JUDGE ANDERSEN
MAGISTRATE JUDGE VALDEZ

Kemper Reinsurance Company
(herein called the Reinsurer)

**Certificate Number**   40697-4-00-82
Prior Certificate Number   40697-4-00-81

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**   International Surplus Lines Ins. Co. - Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**   Norfolk and Western Railway Company, Etal
Address  8 North Jefferson Street, Roanoke, VA 24011

| Policy Number | | Policy Period | From | To |
|---|---|---|---|---|
| 1) RR 2433 | | | 7-11-82 | 7-11-85 |
| 2) RR 2434 | | | 7-11-82 | 7-11-85 |

**3. Period of this Certificate**                    From  7-11-82   To  7-11-85

**4. Schedule of Reinsurance Afforded**          Date of Acceptance  7-11-82

| Section I TYPE OF INSURANCE | SEE ENDORSEMENT #1 |
|---|---|
| Section II POLICY LIMITS | SEE ENDORSEMENT #1 |
| Section III COMPANY RETENTION | SEE ENDORSEMENT #1 |
| Section IV REINSURANCE ACCEPTED | SEE ENDORSEMENT #1 |

**5. Reinsurance Premium Computation**

☒ Adjustable Premium
   (subject to annual review)

☐ Non-adjustable Premium

| Installment Premium Due Date | Amount Due | |
|---|---|---|
| 7-11-82 | 1) $2892.86 | 2) $1620.00 |
| 7-11-83 | 1) T.B.D. | 2) T.B.D. |
| 7-11-84 | 1) T.B.D. | 2) T.B.D. |
| Total Premium Commission | 15 | % |

**6. Intermediary**  L. W. Biegler, Inc.                    Chicago, IL  60606

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name _____

Title  Facultative Officer

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804-2  4-81  10M                                                      PRINTED IN U.S.A.

KEMPER REINSURANCE COMPANY

It is understood and agreed that this Certificate is amended to read as follows:

Section I - <u>Type of Insurance</u>:

Excess Personal Injury and Property Damage Liability including coverages per Company's endorsement #1 on Policy #2433 and #2434

Section II - <u>Policy Limits</u>:

1) $5,000,000 each occ. P/O $35,000,000 each occ. X/S $13,000,000 each occ. X/S $2,000,000 each occ. S.I.R. or in excess of Insured Primaries as follows:

$6,000,000 - In respect of Tugs/Barges
$10,000,000 - In respect of Wharfinger/Stevedores/Terminal Liability (at various locations)
$26,000,000 - In respect of Wharfinger/Stevedores/Terminal Liability (at various locations)
$100,000,000 - In respect of Owned Aircraft

2) $7,500,000 each occ. P/O $75,000,000 each occ. X/S $48,000,000 each occ. X/S $2,000,000 each occ. S.I.R. or in excess of Insured Primaries as follows:

$6,000,000 - In respect of Tugs/Barges
$10,000,000 - In respect of Wharfinger/Stevedores/Terminal Liability (at various locations)
$26,000,000 - In respect of Wharfinger/Stevedores/Terminal Liability (at various locations)
$100,000,000 - In respect of Owned Aircraft

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40697-4-00-82

REINSURED: International Surplus Lines Insurance Company

INSURED:   Norfolk and Western Railway Company, Etal

ENDORSEMENT NO.:  1  (page 1 of 2)

ENDORSEMENT EFFECTIVE DATE:  7-11-82

Authorized Signature

KEMPER REINSURANCE COMPANY

Section III - Company Retention:

$800,000 each occ. P/O $13,000,000 each occ. X/S $2,000,000 each occ.
S.I.R. or in excess of Insured Primaries as indicated in
Section II, Policy Limits, of this Certificate

Section IV - Reinsurance Accepted:

1) $500,000 each occ. P/O $5,000,000 each occ. P/O $35,000,000 each
occ. X/S $13,000,000 each occ. X/S $2,000,000 each occ. S.I.R. or in
excess of Insured Primaries as indicated in Section II, Policy
Limits, of this Certificate

2) $1,500,000 each occ. P/O $7,500,000 each occ. P/O $75,000,000 each
occ. X/S $48,000,000 each occ. X/S $2,000,000 each occ. S.I.R. or in
excess of Insured Primaries as indicated in Section II, Policy
Limits, of this Certificate

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40697-4-00-82

REINSURED: International Surplus Lines Insurance Company

INSURED:   Norfolk and Western Railway Company, Etal

ENDORSEMENT NO.: 1 (page 2 of 2)

ENDORSEMENT EFFECTIVE DATE: 7-11-82

Authorized Signature

KEMPER REINSURANCE COMPANY

In consideration of Additional Premiums of 1) $2782.93 and
2) $1558.44, it is understood and agreed that the Name of Insured is
amended to read Norfolk Southern Corporation, Etal

Insured's Address:   One Commercial Place
                     Norfolk, VA  23510

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40697-4-00-82

REINSURED: International Surplus Lines Insurance Company

INSURED:   Norfolk and Western Railway Company, Etal

ENDORSEMENT NO.:  2

ENDORSEMENT EFFECTIVE DATE:  7-25-82

Authorized Signature

KEMPER REINSURANCE COMPANY

It is understood and agreed that this Certificate is amended to read as
follows:
Section II - POLICY LIMITS:
1) $5,600,000 each occ P/O $35,000,000 each occ X/S $13,000,000 each occ X/S
$2,000,000 each occ SIR or in excess of Insured Primaries as follows:

$6,000,000 - In respect of Tugs/Barges
$10,000,000 - In respect of Wharfinger/Stevedores/Terminal Liability (at various
locations)
$26,000,000 - In respect of Wharfinger/Stevedores/Terminal Liabilty (at various
locations)
$100,000,000 - In respect of Owned Aircraft
2) $9,000,000 each occ P/O $75,000,000 each occ X/S $48,000,000 each occ X/S
$2,000,000 each occ SIR or in excess of Insured Primaries as follows:

$6,000,000 - In respect of Tugs/Barges
$10,000,000 - In respect of Wharfinger/Stevedores/Terminal Liability (at various
locations)
$26,000,000 - In respect of Wharfinger/Stevedores/Terminal Liability (at various
locations)
$100,000,000 - In respect of Owned Aircraft

Section IV - REINSURANCE ACCEPTED:
1) $500,000 each occ P/O $5,600,000 each occ P/O $35,000,000 each occ X/S
$13,000,000 each occ X/S $2,000,000 each occ SIR or in excess of Insured
Primaries as indicated in Section II, Policy Limits, of this Certificate.
2) $1,500,000 each occ P/O $9,000,000 each occ P/O $75,000,000 each occ X/S
$48,000,000 each occ X/S $2,000,000 each occ SIR or in excess of Insured
Primaries as indicated in Section II, Policy Limits, of this Certificate.

Installment Premium:   Due Date 7-11-83  1) $5207.14   2) $2916.00


All other terms and conditions of the Certificate remain unchanged.

---

Attached to and forming part of Certificate Number 40697-4-00-82

REINSURED: International Surplus Lines Insurance Company

INSURED:  Norfolk    Southern Corporation, Etal

ENDORSEMENT NO.:  3

ENDORSEMENT EFFECTIVE DATE:  7-11-83

---

Authorized Signature

### KEMPER REINSURANCE COMPANY

It is understood and agreed that this Certificate is amended to read as follows:

Section II - POLICY LIMITS:
1) $2,550,000 each occ P/O $35,000,000 each occ X/S $13,000,000 each occ X/S $2,000,000 each occ SIR or in excess of Insured Primaries as follows:
$6,000,000 - In respect of Tugs/Barges
$10,000,000 - In respect of Wharfinger/Stevedores/Terminal Liability (at various locations)
$26,000,000 - In respect of Wharfinger/Stevedores/Terminal Liability (at various locations)
$100,000,000 - In respect of Owned Aircraft
2) $7,1000,000 each occ P/O $75,000,000 each occ X/S $48,000,000 each occ X/S $2,000,000 each occ SIR or in excess of Insured Primaries as follows:
$6,000,000 - In respect of Tugs/Barges
$10,000,000 - In respect of Wharfinger/Stevedores/Terminal Liability (at various locations)
$26,000,000 - In respect of Wharfinger/Stevedores/Terminal Liability (at various locations)
$100,000,000 - In respect of Owned Aircraft

Section III - COMPANY RETENTION:
$500,000 each occ P/O $13,000,000 each occ X/S $2,000,000 each occ SIR or in excess of Insured Primaries as indicated in Section II Policy Limits of this Certificate

Section IV - REINSURANCE ACCEPTED:
1) $500,000 each occ P/O $2,550,000 each occ P/O $35,000,000 each occ X/S $13,000,000 each occ X/S $2,000,000 each occ SIR or in excess of Insured Primaries as indicated in Section II, Policy Limits, of this Certificate.
2) $1,500,000 each occ P/O $7,100,000 each occ P/O $75,000,000 each occ X/S $48,000,000 each occ X/S $2,000,000 each occ SIR or in excess of Insured Primaries as indicated in Section II, Policy Limits, of this Certificate.

Installment Premium: Due Date 7-11-84  1) $5785.71  2) $3250.00

All other terms and conditions of the Certificate remain unchanged.

---

Attached to and forming part of Certificate Number 40697-4-00-82

REINSURED: International Surplus Lines Insurance Company

INSURED:  Norfolk and Southern Corporation, Etal

ENDORSEMENT NO.:  4

ENDORSEMENT EFFECTIVE DATE:  7-11-84

Authorized Signature

### KEMPER REINSURANCE COMPANY

It is hereby understood and agreed that Endorsement No. 4 of this Certificate is amended to read as follows:

Installment Premium:

1)  No Change
2)  $3240.00

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40697-4-00-82

REINSURED: International Surplus Lines Insurance Company

INSURED:    Norfolk Southern Corporation, Et al

ENDORSEMENT NO.:   4A

ENDORSEMENT EFFECTIVE DATE:   7-11-84

_____
Authorized Signature

KEMPER REINSURANCE COMPANY

It is hereby understood and agreed that Endorsement No. 4 of this Certificate is amended to read as follows:

Installment Premium:

1)  No Change
2)  $3240.00

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40697-4-00-82

REINSURED: International Surplus Lines Insurance Company

INSURED:   Norfolk Southern Corporation, Et al

ENDORSEMENT NO.:  4A

ENDORSEMENT EFFECTIVE DATE: 7-11-84

Authorized Signature

JUDGE ANDERSEN
MAGISTRATE JUDGE VALDEZ

**MULTI-POLICY LINE CARD**

ACCOUNT Norfolk Southern Corporation    COVERAGE PI, PD, EL Incl. W.C.A
FELA U.S.L & H.N. Jones
Act & O.D.

| COMPANY & ALLOCATION | POL.# RR-2432 TERM 7/11/82-85 LIMITS $1,500,000 P/o $13,000,000 XS $2,000,000 SIR | POL.# RR-2433 TERM 7/11/82-85 LIMITS $5,000,000 P/o $35,000,000 XS $15,000,000 | POL.# RR-2434 TERM 7/11/82-85 LIMITS $7,500,000 P/o $75,000,000 XS $50,000,000 | POL.# TERM LIMITS | TOTAL |
|---|---|---|---|---|---|
| DATE 7/21/82 INITIAL WP | | | | | |
| Net | 87,500 | 12,500 | | | |
| B-29 | 87,500 | 12,500 | | | |
| B-45 | 87,500 | 12,500 | | | |
| B-44 | 175,000 | 25,000 | | | |
| B-20 | 262,500 | 37,500 | | | |
| Am Cent c/o D. Allen | 200,000 | | | | |
| Mead Re c/o D. Allen | 200,000 | | | | |
| C. E. Heath | 300,000 | 1,200,000 | | | |
| IIE-LWB | 100,000 | | | | |
| INA RE | | 1,000,000 | 1,500,000 | | |
| Kemper | | 500,000 | 1,500,000 | | |
| NYEX c/o J. L. Kelley | | 1,450,000 | 2,500,000 | | |
| Beacon c/o A. Popple | | 500,000 | | | |
| Skandia | | 250,000 | | | |
| ECRA | | | 1,000,000 | | |
| Guarantee c/o P.R.I | | | 500,000 | | |
| Companies c/o C.E. Heath | | | 500,000 | | |
| LWB 56 (2/75) | 1,500,000 | 5,000,000 | 7,500,000 | | |

MULTI-POLICY LINE CARD    Est. Rec. 1,350,000,000

ACCOUNT _Norfolk + Southern_    COVERAGE PI PD WGL FELA CD / USL+HW Jones tcr

$1,417,562    $1,741,632    145,800

| COMPANY & ALLOCATION - DATE 2/29/84 INITIAL DD | POL # RR 2432 TERM 7/1/83 84 LIMITS 1.5mm p/o 13mm xS 2mm SIR | POL # RR 2433 TERM Same LIMITS 5mm p/o 13mm xS 4mm | POL # RR 2434 TERM Same LIMITS 9mm p/o 75mm xS 50mm | POL # RR 2435 TERM Same $ 71,653.35 LIMITS 8,125,000% 75mm xS 125mm | RR 2452 TOTAL Same $42,500 3,375,000 50mm xS 2 |
|---|---|---|---|---|---|
| Net | 87,500 | 13,500 | | | |
| GWL | 87,500 | 12,500 | | | |
| B89 | 87,500 | 12,500 | | | |
| 667 | 175,000 | 25,000 | | | |
| B88 | 262,500 | 37,500 | | | |
| LWB %/ IIE | 100,000 | 400,000 | | | |
| Am. Cent. %/ D. Allen | 200,000 | 200,000 | | | |
| Mont Re %/ D. Allen | 300,000 | | | | |
| Aetna % D.Allen | 300,000 | | | | |
| Kemper | | 500,000 | 1,500,000 | | |
| Becca %/ Poffie | | 500,000 | | | |
| Transit Res. %/ JLK | | 500,000 | | | |
| INA Re | | 1,000,000 | 1,500,000 | | |
| NYIE %/ JLK | | 1,900,000 | 5,000,000 | 3,250,000 | 3,375,0 |
| ECIA | | | 1,500,000 | 1,000,000 | |
| Nissan %/ Poffie | | | | 375,000 | |
| Navy Re | | | | 2,000,000 | |
| Resolve Corp. Guy | | | | 2,000,000 | |

LWB 56 (2/75)

MULTI-POLICY LINE CARD

Norfolk Southern Corp          COVERAGE  Excess RR Liab.

| &<br>ION | POL.# RR2625<br>TERM 7-11-85/86<br>LIMITS<br>360,000 P/o<br>2mm x s 3mm STP | POL.# RR2626<br>TERM 7-11-85/86<br>LIMITS<br>400,000 P/o<br>#5mm x s #5mm | POL.# RR2627<br>TERM 7-11-85/86<br>LIMITS<br>2,000,000 P/o<br>25mm x s 25mm | POL.#<br>TERM<br>LIMITS | TOTAL |
|---|---|---|---|---|---|
| 31-85<br>Dca | | | | | |
| t | 100,800 | | | | |
| 2 | 60,000 | | | | |
| iB | 200,000 | 100,000 | | | |
| avelers | | 100,000 | | | |
| k | | 200,000 | ~~1,000,000~~ | | |
| mper | | | 1,000,000 | | |
| ny Re | | | 1,000,000 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

56 (2/75)

# L.W. Biegler Inc.

100th Floor - Sears Tower
233 South Wacker, Chicago 60606
☐ 3435 Wilshire Boulevard, Los Angeles 90010
☐ 201 California Street, San Francisco 94111

# L.W. Biegler Inc. (N. Y.)

☐ 110 William Street, New York 10038

Date _____ 8/2/85 _____

KEMPER REINSURANCE CO.
LONG GROVE, IL   60049

Attention:
LARRY SHARP

## FACULTATIVE REINSURANCE MEMO

We enclose details of your acceptance and your copy of our Policy/Certificate for the captioned. Please forward your certificate for our records. Remittance will be made in accordance with normal credit terms.

Please mark your reply: "For the attention of _____ M. GAROFALO /D. ADAMCZYK _____

CEDING COMPANY: INTERNATIONAL SURPLUS LINES INS. CO. _____ POLICY NO: RR 2627

NAME OF INSURED: NORFOLK SOUTHERN CORPORATION, ETAL

ORIG. POLICY TERMS: from _____ 7/11/85 _____ to _____ 7/11/86

ORIGINAL LIMIT: $2,000,000 P/O $25,000,000 XS $25,000,000    PREMIUM: $108,000. *
        (SEE ENDT. C)                                                      PREPAID ☒    INSTALLMENTS ☐

TYPE OF LIABILITY: _____ SEE ENDORSEMENT B

CEDING COMPANY RETENTION: NIL THIS LAYER ($160,000 NET & TREATY 1ST LAYER)

AMOUNT CEDED: $1,000,000

CEDED PREMIUM: _____ $54,000. _____ CEDING CMSN: 15 _____ % NET CEDED: $45,900.

Remarks:
        CANCELLATION CLAUSE REQUIRED ORIGINAL PLUS 15 DAYS NOT TO EXCEED 105 DAYS

        * ADDITIONAL PREMIUM FOR NORTH AMERICAN VAN LINES INCLUDED


        MD

LWB 20 REV. 4/81

## L.W. Biegler Inc.

☒ 100th Floor - Sears Tower
233 South Wacker, Chicago 60606

☐ 3435 Wilshire Boulevard, Los Angeles 90010

☐ 201 California Street, San Francisco 94111

## L.W. Biegler Inc. (N. Y.)

☐ 110 William Street, New York 10038

Date **JUNE 19, 1986**

KEMPER REINSURANCE CO.
HIGHWAY 22
LONG GROVE, ILLINOIS   60049

Attention:    MR. L. SHARP

### FACULTATIVE REINSURANCE MEMO

We enclose details of your acceptance and your copy of our Policy/Certificate for the captioned. Please forward your certificate for our records. Remittance will be made in accordance with normal credit terms.

Please mark your reply: "For the attention of _____ M. GAROFALO

CEDING COMPANY: _____ INTERNATIONAL SURPLUS LINES INS. CO. _____ POLICY NO: RR 2627

NAME OF INSURED: _____ NORFOLK SOUTHERN CORP.

ORIG. POLICY TERMS: from _____ 12-31-85 _____ to _____ 5-31-86

ORIGINAL LIMIT: _____ $2,000,000 PART OF $25,000,000
EXCESS $25,000,000 _____ PREMIUM: $11,032.
PREPAID ☐    INSTALLMENTS ☐

TYPE OF LIABILITY: _____ RAILROAD LIABILITY

CEDING COMPANY RETENTION: _____ NIL THIS LAYER

AMOUNT CEDED: _____ $1,000,000

CEDED PREMIUM: $4,516.00 _____ CEDING CMSN: 20 % NET CEDED: $4,412.80

Remarks:

SEE ENDORSEMENT G

LJT

CREDIT

LWB 20 REV. 4/81

# L.W. Biegler Inc.

☒ 100th Floor - Sears Tower
233 South Wacker, Chicago 60606
☐ 3435 Wilshire Boulevard, Los Angeles 90010
☐ 201 California Street, San Francisco 94111

# L.W. Biegler Inc. (N. Y.)

☐ 110 William Street, New York 10038

Date **JANUARY 21, 1986**

KEMPER REINSURANCE CO.
HIGHWAY 22
LONG GROVE, ILLINOIS  60049

Attention: **LARRY SHARP**

## FACULTATIVE REINSURANCE MEMO

We enclose details of your acceptance and your copy of our Policy/Certificate for the captioned. Please forward your certificate for our records. Remittance will be made in accordance with normal credit terms.

Please mark your reply: "For the attention of _____ **M. GAROFALO** _____

CEDING COMPANY: **INTERNATIONAL SURPLUS LINES INS CO** _____ POLICY NO: **RR 2627** _____

NAME OF INSURED: _____ **NORFOLK SOUTHERN CORP** _____

ORIG. POLICY TERMS: from _____ **12-31-85** _____ to _____ **5-31-86** _____

ORIGINAL LIMIT: **$2,000,000 PART OF $25,000,000** _____ PREMIUM: **$48,484.**
**EXCESS $25,000,000.** PREPAID ☐   INSTALLMENTS ☐

TYPE OF LIABILITY: _____ **SEE ENDORSEMENT B** _____

CEDING COMPANY RETENTION: _____ **NIL THIS LAYER** _____

AMOUNT CEDED: _____ **$1,000,000** _____

CEDED PREMIUM: **$24,242.** _____ CEDING CMSN: _____ **20** % NET CEDED: _____ **$19,393.60**

Remarks:

**SEE ENDT E**

**LJT**



CREDIT

LWB 20 REV. 4/81



```
EASYLINK 6186102A001 10JAN86 15:21/15:29 EST
FROM: 282501     KEMPRCORE LNGR
       KEMPER REINSURANCE CO
TO:   254597

JANUARY 10, 1986

TO:  MIKE GARAFALO

RE:  ISLIC / NORFOLK SOUTHERN CORP.

EFFECTIVE 7/11/85 CERT. # 40497-4-00-85 IS CANCELLED.  EFFECTIVE
12/31/85 I BOUND THE SAME LINE UNDER CERT. # 40497-4-00-85
EFF 12/31/85 TO 7/11/86.  $1M P/O 25M X 25M AT 720,611 PLUS
10/ FOR RAILROAD AND 49,678 PLUS 10/ FOR NORTH AMER. VAN LINES.
10/ IS BROKER COMMISSION.  THESE THEN ARE NET FIGURES TO US.
X POLL ABS.  CEDING COMM. WILL BE 20/.  THIS IS VERIFTY THAT
THE INSURED WAS BARE FROM 7/11/85 TO 12/31/85 WHERE UPON COVER
WAS FINALLY BOUND.

REGARDS:
LARRY SHARP
KEMPER RE
(312) 540-2893

MMMM
```

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312|540-2600
TELEX 28 2501 (Alternate: 275-383)
TELECOPIER 312-540-2014

**Facultative
Reinsurance
Certificate**



| | |
|---|---|
| **Certificate Number** | 48425-6-00-86 |
| **Prior Certificate Number** | New |

Kemper Reinsurance Company
(herein called the Reinsurer)

**DOES HEREBY REINSURE:**

**1. Name and Address of Reinsured** North River Insurance Company - Morristown, NJ
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured** Phillip Morris, Inc. / General Foods Corporation

Address 120 Park Avenue, New York, NY 10017

| Policy Number 522 0539892 | Policy Period | From 1/1/86 | To 1/1/87 |
|---|---|---|---|

| **3. Period of this Certificate** | From 1/1/86 | To 1/1/87 |
|---|---|---|

| **4. Schedule of Reinsurance Afforded** | Date of Acceptance 1/15/86 |
|---|---|

| Section I TYPE OF INSURANCE | EXCESS UMBRELLA LIABILITY |
|---|---|
| **Section II POLICY LIMITS** | $3,000,000 EACH OCC/AGG (WHERE APPLICABLE) P/O $17,000,000 EACH OCC/AGG (WHERE APPLICABLE) X/S UNDERLYING |
| **Section III COMPANY RETENTION** | $500,000 EACH OCC/AGG (WHERE APPLICABLE) P/O $3,000,000 EACH OCC/AGG (WHERE APPLICABLE) X/S $17,000,000 EACH OCC/AGG (WHERE APPLICABLE) X/S UNDERLYING |
| **Section IV REINSURANCE ACCEPTED** | $2,000,000 EACH OCC/AGG (WHERE APPLICABLE) P/O $3,000,000 EACH OCC/AGG (WHERE APPLICABLE) X/S $17,000,000 EACH OCC/AGG (WHERE APPLICABLE) X/S UNDERLYING |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

X ☐ Non-adjustable Premium

**6. Intermediary** Richard Whiley, Inc.

| | Installment Premium Due Date | Amount Due |
|---|---|---|
| | 1/1/86 | $200,000.00 |
| Total Premium | | $200,000.00 |
| Commission | | .25 |

New York, NY 10038

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name

Title **Facultative Officer**

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The Company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer which shall be bound to pay its proportion of such settlement promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e. reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement without diminution because of such insolvency, directly to the

Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statutes of a state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company, its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

Cancellation of the policy by the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by the Company by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. This Certificate may also be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days stated in the Company's policy plus thirty (30) days.

In the event of non-payment of any original, renewal or additional premium this Certificate may be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate are solely between the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

**O**

**INTERMEDIARY CLAUSE.** The intermediary named herein is hereby recognized as the intermediary negotiating this Reinsurance for all business hereunder. All communications (including but not limited to notices, statements, premiums, return premiums, commissions, taxes, losses, loss adjustment expense, salvages, and loss settlements) relating thereto shall be transmitted to the Company or the Reinsurer through the intermediary. Payments by the Company to the intermediary shall be deemed to constitute payment to the Reinsurer. Payments by the Reinsurer to the intermediary shall be deemed only to constitute payment to the Company to the extent that such payments are actually received by the Company.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof executed by a duly authorized representative of the Reinsurer.



# FACULTATIVE REINSURANCE CERTIFICATE



**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

Certificate Number    **40062-1-00-77**
Prior Certificate Number    **NEW**

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured** INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**    ROCKWELL INTERNATIONAL CORPORATION

Address    **600 Grant Street, Pittsburgh, Pennsylvania**

Policy Number  **XSI3741**   Policy Period   From  **4-1-77**   To  **4-1-78**

**3. Period of this Certificate**   From  **4-1-77**   To  **4-1-78**

**4. Schedule of Reinsurance Afforded**    Date of Acceptance    **April 1, 1977**

| Section I<br>TYPE OF<br>INSURANCE | FOLLOWING FORM EXCESS LIABILITY |
|---|---|
| Section II<br>POLICY<br>LIMITS | $22,500,000 each occurrence/aggregate P/O $40,000,000 each occurrence/aggregate X/S $60,000,000 each occurrence/aggregate |
| Section III<br>COMPANY<br>RETENTION | $2,000,000 each occurrence/aggregate P/O $22,500,000 each occurrence/aggregate P/O $40,000,000 each occurrence/aggregate X/S $60,000,000 each occurrence/aggregate |
| Section IV<br>REINSURANCE<br>ACCEPTED | $1,000,000 each occurrence/aggregate P/O $22,500,000 each occurrence/aggregate P/O $40,000,000 each occurrence/aggregate X/S $60,000,000 each occurrence/aggregate |

**5. Reinsurance Premium Computation**

Installment Premium

☐ Adjustable Premium    Due Date    Amount Due
**4-1-77**     **$2000.00**

☒ Non-adjustable Premium    Total Premium    **$2000.00**
**(subject to 20% ceding commission)**

**6. Intermediary**   GUY CARPENTER AND COMPANY, INC., Chicago, Illinois

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name    *George L. Messenger*

Title    **VICE PRESIDENT**

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804  8-76  2M                                                                 Printed in U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

**1.** With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

**2.** With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

**CANCELLATION.** Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.



ENDORSEMENT # 1

Issued By

KEMPER REINSURANCE COMPANY

Effective     4-1-77     .

Attached to and Forming Part of Certificate Number     40062-1-00-77

It is understood and agreed that Cancellation Clause I is amended to read as follows:

"Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate.  This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, thereafter, such cancellation shall be effective.  Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus     10     days, the total not to exceed     40     days in all."

All other terms and conditions of this Certificate remain unchanged.

A/C     ROCKWELL INTERNATIONAL CORPORATION

R/I     INTERNATIONAL SURPLUS LINES INSURANCE CO.

*George L. Messenger*
Authorized Signature

FRU-3



ENDORSEMENT #    2

Issued By

KEMPER REINSURANCE COMPANY

Effective _____ 4-1-77 _____.

Attached to and Forming Part of Certificate Number ___ 40062-1-00-77 ___

It is hereby understood and agreed that this Certificate is amended

to include the following clause:

"The Intermediary named herein is hereby recognized as the
Intermediary negotiating this reinsurance through which all
premiums, loss payments and communications relating to business
hereunder shall be transmitted by the parties and which is
authorized to receive notice of cancellation on behalf of the
Company and the Reinsurer."

All other terms and conditions of this Certificate remain unchanged.

A/C ___ ROCKWELL INTERNATIONAL CORPORATION ___

R/I ___ INTERNATIONAL SURPLUS LINES INSURANCE CO. ___

_George L. Messenger_
Authorized Signature

FRU-4

ENDORSEMENT # 3

Issued By

KEMPER REINSURANCE COMPANY

Effective  4-1-77          .

Attached to and Forming Part of Certificate Number   40062-1-00-77

It is hereby understood and agreed that this certificate is amended to read as follows:

Section II--Policy Limits

$22,500,000 each occurrence/aggregate P/O $40,000,000 each occurrence/aggregate X/S $60,000,000 each occurrence/aggregate X/S Primary

Section III--Company Retention

$2,000,000 each occurrence/aggregate P/O $22,500,000 each occurrence/aggregate P/O $40,000,000 each occurrence/aggregate X/S $60,000,000 each occurrence/aggregate X/S Primary

Section IV--Reinsurance Accepted

$1,000,000 each occurrence/aggregate P/O $22,500,000 each occurrence/aggregate P/O $40,000,000 each occurrence/aggregate X/S $60,000,000 each occurrence/aggregate X/S Primary

All other terms and conditions of this Certificate remain unchanged.

A/C   ROCKWELL INTERNATIONAL CORPORATION

R/I   INTERNATIONAL SURPLUS LINES INSURANCE CO.

George L. Messenger
Authorized Signature

FRU-2

## FACULTATIVE REINSURANCE CERTIFICATE



**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

Certificate Number    40062-1-00-78
Prior Certificate Number    40062-1-00-77

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**    International Surplus Lines Insurance Co.-Chicago,IL.
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**    Rockwell International Corporation

| Address | 600 Grant Street, Pittsburgh, Pennsylvania  15219 | | | |
|---|---|---|---|---|
| Policy Number | XSI 4448 | Policy Period | From 4/1/78 | To 4/1/79 |

**3. Period of this Certificate**    From 4/1/78    To 4/1/79

**4. Schedule of Reinsurance Afforded**    Date of Acceptance    4/1/78

| | |
|---|---|
| **Section I** TYPE OF INSURANCE | Excess Liability |
| **Section II** POLICY LIMITS | $18,000,000 each occ/agg P/O $40,000,000 each occ/agg X/S $60,000,000 each occ/agg |
| **Section III** COMPANY RETENTION | Nil this Layer |
| **Section IV** REINSURANCE ACCEPTED | $1,000,000 each occ/agg P/O $18,000,000 each occ/agg P/O $40,000,000 each occ/agg X/S $60,000,000 each occ/agg |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

| Installment Premium Due Date | Amount Due |
|---|---|
| 4/1/78 | $2200.00 |

☑ Non-adjustable Premium

| Total Premium | $2200.00 |
|---|---|

**6. Intermediary**    Guy Carpenter & Co., Chicago, IL.

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name    *George L. Messenger*

Title    Vice President

*The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.*

D 2804  8 76  2M                                                Printed in U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

RETENTION AND APPLICATION OF LIABILITY. The company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

COOPERATION OF COMPANY. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

NOTICE OF OCCURRENCE. Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

DEFENSE OF CLAIMS OR SUITS. While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

LOSS PAYABLE. All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

SALVAGE. The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

PREMIUM TAXES. The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

INSOLVENCY. In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to, the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

CANCELLATION. Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

OFFSET CLAUSE. The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

NON-CONCURRENT. The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer and shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

KEMPER REINSURANCE COMPANY

It is hereby understood and agreed that this Certificate is amended to read as follows:

Section I - Type Of Insurance:

Following Form Excess General Liability;

Auto Liability, Workers Compensation and

Employers Liability.

**GUY CARPENTER & COMPANY, Inc.**
MIDWEST DEPARTMENT
**REINSURANCE**
100 SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number  40062-1-00-78

REINSURED: International Surplus Lines Insurance Co.

INSURED: Rockwell International Corp.

ENDORSEMENT NO.:    4    ( AMENDED )

ENDORSEMENT EFFECTIVE DATE:    4-1-78

Authorized Signature  1-16-80

FRU-2

## FACULTATIVE REINSURANCE CERTIFICATE

**GUY CARPENTER & COMPANY, Inc.**
MIDWEST DEPARTMENT
**REINSURANCE**
100 SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606



**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

| Certificate Number | 40062-1-00-79 |
|---|---|
| Prior Certificate Number | 40062-1-00-78 |

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**  International Surplus Lines Insurance Co., Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**  Rockwell International Corporation
Address    600 Grant Street, Pittsburgh, PA
Policy Number  XSI-5515      Policy Period      From  4-1-79  To  4-1-80

**3. Period of this Certificate**      From  4-1-79  To  4-1-80

**4. Schedule of Reinsurance Afforded**      Date of Acceptance    4-1-79

| | |
|---|---|
| **Section I** TYPE OF INSURANCE | Following Form Excess Liability |
| **Section II** POLICY LIMITS | $18,000,000 each occ./agg. P/O $40,000,000 eabh occ./agg. X/S $60,000,000 each occ./agg. X/S Primary |
| **Section III** COMPANY RETENTION | nil this layer |
| **Section IV** REINSURANCE ACCEPTED | $1,500,000 each occ./agg. P/O $18,000,000 each occ./agg. P/O $40,000,000 each occ./agg. X/S $60,000,000 each occ./agg. X/S Primary |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

Installment Premium
Due Date        Amount Due
  4-1-79          $3,000.00

☒ Non-adjustable Premium

Total Premium        $3,000.00
**(SUBJECT TO 20% CEDING COMMISSION)**

**6. Intermediary** Guy Carpenter & Co., Chicago, IL

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name _George L. Messenger_

Title  SENIOR VICE PRESIDENT

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804  9-78  5M                                    Printed in U.S A

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, when settled by to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

**CANCELLATION.** Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer and shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer

KEMPER REINSURANCE COMPANY

It is understood and agreed that Cancellation Clause J is amended to read as follows:

"Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, thereafter, such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus___30___days, the total not to exceed___60___days in all."

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number___40062-1-00-79

REINSURED:  International Surplus Lines Insurance Company

INSURED:    Rockwell International Corporation

ENDORSEMENT NO.:   2

ENDORSEMENT EFFECTIVE DATE:  April 1, 1979

GUY CARPENTER & COMPANY, Inc.
MIDWEST DEPARTMENT
**REINSURANCE**
100 SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606

Authorized Signature

FRU-3

KEMPER REINSURANCE COMPANY

It is understood and agreed that Cancellation Clause J is amended to read as follows:

"Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, thereafter, such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus___30___days, the total not to exceed___90___days in all."

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number__40062-1-00-79__

REINSURED:   International Surplus Lines Insurance Co.

INSURED:   Rockwell International Corp.

ENDORSEMENT NO.:   3

ENDORSEMENT EFFECTIVE DATE:   4-1-79

GUY CARPENTER & COMPANY, Inc.
MIDWEST DEPARTMENT
REINSURANCE
100 SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606

Authorized Signature

FRU-3

KEMPER REINSURANCE COMPANY

It is hereby understood and agreed that Section I, Type of
Insurance is amended to read as follows:

    Following Form Excess, General, Auto, Workers Compensation,

    Employees Liability.

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number  40062-1-00-79

REINSURED: International Surplus Lines Insurance Co.

INSURED:  Rockwell International Corp.

ENDORSEMENT NO.:  4

ENDORSEMENT EFFECTIVE DATE:  4-1-79

| GUY CARPENTER & COMPANY, Inc.<br>MIDWEST DEPARTMENT<br>**REINSURANCE**<br>100 SOUTH WACKER DRIVE<br>CHICAGO, ILLINOIS 60606 | *George L. Messinger*<br>Authorized Signature<br><br>FRU-2 |

KEMPER REINSURANCE COMPANY

It is hereby understood and agreed that this Certificate is amended to include the following clause:

"The Intermediary named herein is hereby recognized as the Intermediary negotiating this Reinsurance for all business hereunder. All communications (including but not limited to notices, statements, premiums, return premiums, commissions, taxes, losses, loss adjustment expense, salvages, and loss settlements) relating thereto shall be transmitted to the Company or the Reinsurer through the Intermediary. Payments by the Company to the Intermediary shall be deemed to constitute payment to the reinsurer. Payments by the Reinsurer to the Intermediary shall be deemed only to constitute payment to the Company to the extent that such payments are actually received by the Company."

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40062-1-00-80

REINSURED: International Surplus Lines Insurance Company

INSURED: Rockwell International Corporation

ENDORSEMENT NO.: 2

ENDORSEMENT EFFECTIVE DATE: 4-1-80

GUY CARPENTER & COMPANY, Inc.
MIDWEST DEPARTMENT
REINSURANCE
100 SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606

AUTHORIZED SIGNATURE

FRU-21

## KEMPER REINSURANCE COMPANY

It is hereby understood and agreed that the Underlying Policy and this certificate are cancelled effective October 1, 1980. Return premium of $998.00 is now due.



GUY CARPENTER & COMPANY, Inc.
MIDWEST DEPARTMENT
**R E I N S U R A N C E**
100 SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number  40062-1-00-80

REINSURED:  International Surplus Lines Insurance Company

INSURED:  Rockwell International Corp.

ENDORSEMENT NO.:  3

ENDORSEMENT EFFECTIVE DATE:  10-1-80

Authorized Signature

KEMPER REINSURANCE COMPANY

It is hereby understood and agreed that this Certificate is
amended to read as follows:

Section I - Type of Insurance:

Following Form Excess, General Liability, Auto Liability,
Workers Compensation and Employers Liability



other terms and conditions of the Certificate remain unchanged.

ached to and forming part of Certificate Number   40062-1-00-80

NSURED:  International Surplus Lines Insurance Company

URED:  Rockwell International Corp.

ORSEMENT NO.:  4

ORSEMENT EFFECTIVE DATE:  4-1-80

_George L. Messinger_

Authorized Signature

MULTI-POLICY LINE CARD

ACCOUNT _Rockwell International_     COVERAGE _Following Form Excess_

| COMPANY & ALLOCATION<br><br>DATE _1 2 80_<br><br>INITIAL _L_ | POL. #XS1 001<br>S21-6<br>TERM 4-1-80<br>to 4-1-81<br>LIMITS 10MLL<br>XS 2MMM<br>X 7.5Mag | POL. # XS1<br>6500<br>TERM 4-1-80<br>to 4-1-81<br>LIMITS 10MLL<br>XS 10MLL | POL. # XS1 650-1<br><br>TERM 4-1-80<br>to 4-1-81<br>LIMITS 20MLL<br>XS 20MLL | POL. # XS1 650-1<br><br>TERM 4-1-80<br>to 4-1-81<br>LIMITS 20MLL<br>XS 10MLL | TOTAL |
|---|---|---|---|---|---|
| Net | 250,000 | | | | |
| 23c | 250,000 | | | | |
| 522 | 500,000 | | | | |
| 868 | 750,000 | 250,000 | | | |
| 871 | | 800,000 | | | |
| INA Re | 1,500,000 | | | | |
| Ph. 1 Re | 1,000,000 | | | | |
| Ph. 1 Lily Mut<br>c/o Burk Schelb | 1,000,000 | | | | |
| Mony Re | 1,000,000 | | | | |
| Amer Cent<br>c/o Dir Allen | 1,000,000 | | | | |
| Unifac | 750,000 | | | | |
| Kemper | 750,000 | | | | |
| Desginers<br>c/o Agcy Mgrs | 500,000 | | | | |
| Insco<br>c/o C T Bowring | 500,000 | | | | |
| Ecra | 250,000 | | 1,000,000 | | |
| Lloyds<br>c/o C T Bowring | | 7,000,000 | 7,000,000 | 2,000,000 | |
| C E Heath | | 1,000,000 | | | |
| Sterling Gishal | | 500,000 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| LVS 56 (2/75) | | | | | |

## Kemper Reinsurance Company
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX.28 2501

**Facultative Reinsurance Certificate**





| Certificate Number | 40062-1-00-80A |
|---|---|
| Prior Certificate Number | 40062-1-00-80 |

Kemper Reinsurance Company

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**    International Surplus Lines Insurance Co. - Chicago, IL

(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

| **2. Name of Insured** | Rockwell International Corp. | | | | |
|---|---|---|---|---|---|
| Address | 1000 Grant St. | Pittsburgh, PA 15219 | | | |
| Policy Number | XSI 7165 | Policy Period | From 10-1-80 | To | 10-1-81 |

**3. Period of this Certificate**    From 10-1-80    To    10-1-81

**4. Schedule of Reinsurance Afforded**    Date of Acceptance    10-1-80

| Section I TYPE OF INSURANCE | Following Form Excess Liability |
|---|---|
| Section II POLICY LIMITS | $28,000,000 each occ/agg. P/O $40,000,000 each occ/agg. X/S $60,000,000 each occ/agg. X/S Underlying |
| Section III COMPANY RETENTION | $4,500,000 each occ/agg. P/O $28,000,000 each occ/agg. P/O $40,000,000 each occ/agg. X/S $60,000,000 each occ/agg. X/S Underlying |
| Section IV REINSURANCE ACCEPTED | $1,000,000 each occ/agg. P/O $28,000,000 each occ/agg. P/O $40,000,000 each occ/agg. X/S $60,000,000 each occ/agg. X/S Underlying |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

Installment Premium
Due Date    Amount Due
10-1-80    $2000.00

☒ Non-adjustable Premium

Total Premium    $2000.00
(Subj. to 25% ceding comm.)

**6. Intermediary** Guy Carpenter & Company, Inc. - Chicago, IL

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name    *George L. Merrugin*

Title    Senior Vice President

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804   8-80   10M

Printed in U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**
**RETENTION AND APPLICATION OF LIABILITY.** The company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**
**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**
**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**
**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**
**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:
**1.** With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.
**2.** With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.
The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**
The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**
**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**INTERMEDIARY CLAUSE.** The intermediary named herein is hereby recognized as the intermediary negotiating this Reinsurance for all business hereunder. All communications (including but not limited to notices, statements, premiums, return premiums, commissions, taxes, losses, loss adjustment expense, salvages, and loss settlements) relating thereto shall be transmitted to the Company or the Reinsurer through the intermediary. Payments by the Company to the intermediary shall be deemed to constitute payment to the reinsurer. Payments by the Reinsurer to the intermediary shall be deemed only to constitute payment to the Company to the extent that such payments are actually received by the Company.

**H**
**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**
**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**
**CANCELLATION.** Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**
**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**
**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**
If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**
Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

AUTHORIZED SIGNATURE

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative
Reinsurance
Certificate**



| | |
|---|---|
| Certificate Number | 40062-1-00-81 |
| Prior Certificate Number | 40062-1-00-80 |

Kemper Reinsurance Company
(herein called the Reinsurer)

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured** International Surplus Lines Insurance Co. - Chicago, IL

(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured** Rockwell International Corporation

Address 600 Grant Street, Pittsburgh, PA 15219

| Policy Number | XSI 7832 | Policy Period | From | 10-1-81 | To | 10-1-82 |
|---|---|---|---|---|---|---|

**3. Period of this Certificate** From 10-1-81 To 10-1-82

**4. Schedule of Reinsurance Afforded** Date of Acceptance 10-1-81

| Section I<br>TYPE OF<br>INSURANCE | Following Form Excess Liability |
|---|---|
| Section II<br>POLICY<br>LIMITS | $28,000,000 each occ/agg. P/O $40,000,000 each occ/agg. X/S<br>$60,000,000 each occ/agg. X/S Primary |
| Section III<br>COMPANY<br>RETENTION | $1,750,000 each occ/agg. P/O $10,000,000 each occ/agg. X/S<br>Primary |
| Section IV<br>REINSURANCE<br>ACCEPTED | $1,000,000 each occ/agg. P/O $28,000,000 each occ/agg. P/O<br>$40,000,000 each occ/agg. X/S $60,000,000 each occ/agg. X/S Primary |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

X☐ Non-adjustable Premium

| Installment Premium | |
|---|---|
| Due Date | Amount Due |
| 10-1-81 | $1800.00 |
| | |
| Total Premium | $1800.00 |
| Commission | 22.5 % |

**6. Intermediary** Guy Carpenter & Company, Inc.        Chicago, IL 60606

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name _____

Title **Facultative Officer**

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a
Part of This Certificate.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

RETENTION AND APPLICATION OF LIABILITY. The Company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

COOPERATION OF COMPANY. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

NOTICE OF OCCURRENCE. Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

DEFENSE OF CLAIMS OR SUITS. While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

LOSS PAYABLE. All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits. as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

SALVAGE. The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

PREMIUM TAXES. The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

INSOLVENCY. In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by the Company by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. This Certificate may also be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus thirty (30) days.

In the event of non-payment of any original, renewal or additional premium this Certificate may be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

OFFSET CLAUSE. The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

NON-CONCURRENT. The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

**O**

INTERMEDIARY CLAUSE. The intermediary named herein is hereby recognized as the Intermediary negotiating this Reinsurance for all business hereunder. All communications (including but not limited to notices, statements, premiums, return premiums, commissions, taxes, losses, loss adjustment expense, salvages, and loss settlements) relating thereto shall be transmitted to the Company or the Reinsurer through the Intermediary. Payments by the Company to the Intermediary shall be deemed to constitute payment to the Reinsurer. Payments by the Reinsurer to the Intermediary shall be deemed only to constitute payment to the Company to the extent that such payments are actually received by the Company.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative
Reinsurance
Certificate**



Kemper Reinsurance Company
(herein called the Reinsurer)

| Certificate Number | 40062-1-00-82 |
|---|---|
| Prior Certificate Number | 40062-1-00-81 |

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**  International Surplus Lines Ins. Co. - Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**  Rockwell International Corporation
Address  600 Grant St., Pittsburgh, PA  15222

| Policy Number  XSI 8541 | Policy Period | From  10-1-82 | To  10-1-83 |
|---|---|---|---|

**3. Period of this Certificate**  From  10-1-82   To  10-1-83

**4. Schedule of Reinsurance Afforded**  Date of Acceptance  10-1-82

| Section I TYPE OF INSURANCE | FOLLOWING FORM EXCESS UMBRELLA LIABILITY |
|---|---|
| Section II POLICY LIMITS | $28,000,000 EACH OCC/AGG. (WHERE APPLICABLE) P/O $40,000,000 EACH OCC/AGG. (WHERE APPLICABLE) X/S $60,000,000 EACH OCC/AGG. (WHERE APPLICABLE) X/S PRIMARY |
| Section III COMPANY RETENTION | $1,750,000 EACH OCC/AGG. P/O $10,000,000 EACH OCC/AGG. X/S PRIMARY |
| Section IV REINSURANCE ACCEPTED | $1,000,000 EACH OCC/AGG. (WHERE APPLICABLE) P/O $28,000,000 EACH OCC/AGG. (WHERE APPLICABLE) P/O $40,000,000 EACH OCC/AGG. X/S $60,000,000 EACH OCC/AGG. (WHERE APPLICABLE) X/S PRIMARY |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

☒ Non-adjustable Premium

Installment Premium

| Due Date | Amount Due |
|---|---|
| 10-1-82 | $1575.00 |

| Total Premium | $1575.00 |
| Commission | 22.5 % |

**6. Intermediary**  Guy Carpenter & Co., Inc.          Chicago, IL  60606

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name _____

Title  Facultative Officer

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

O 2804-1  8-80  10M                                                                PRINTED IN U.S.A.

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative Reinsurance Certificate**



Kemper Reinsurance Company
(herein called the Reinsurer)

Certificate Number  40062-1-00-83
Prior Certificate Number  40062-1-00-82

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured** International Surplus Lines Ins. Co. - Morristown, NJ
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured** Rockwell International Corporation
Address 600 Grant Street, Pittsburgh, PA 15219
Policy Number  XSI 8929    Policy Period    From 10-1-83    To 10-1-84

**3. Period of this Certificate**    From 10-1-83    To 10-1-84

**4. Schedule of Reinsurance Afforded**    Date of Acceptance 10-1-83

| | |
|---|---|
| Section I TYPE OF INSURANCE | FOLLOWING FORM EXCESS GENERAL LIABILITY, AUTO LIABILITY, WORKERS COMPENSATION AND EMPLOYERS LIABILITY |
| Section II POLICY LIMITS | $28,000,000 EACH OCC/AGG. P/O $40,000,000 EACH OCC/AGG. X/S $60,000,000 EACH OCC/AGG. X/S UNDERLYING OR S.I.R. |
| Section III COMPANY RETENTION | $1,750,000 EACH OCC/AGG. P/O $10,000,000 EACH OCC/AGG. X/S UNDERLYING OR S.I.R. |
| Section IV REINSURANCE ACCEPTED | $1,250,000 EACH OCC/AGG. P/O $28,000,000 EACH OCC/AGG. P/O $40,000,000 EACH OCC/AGG. X/S $60,000,000 EACH OCC/AGG. X/S UNDERLYING OR S.I.R. |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

Installment Premium
Due Date    Amount Due
10-1-83    $1968.75

Total Premium    $1968.75
Commission    22.5  %

☒ Non-adjustable Premium

**6. Intermediary** Guy Carpenter & Co., Inc.    Chicago, IL  60606

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name _____

Title  Facultative Officer

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804-1  8-80  10M

PRINTED IN U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

RETENTION AND APPLICATION OF LIABILITY. The Company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

COOPERATION OF COMPANY. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

NOTICE OF OCCURRENCE. Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

DEFENSE OF CLAIMS OR SUITS. While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

LOSS PAYABLE. All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

SALVAGE. The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

PREMIUM TAXES. The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

INSOLVENCY. In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by the Company by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. This Certificate may also be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus thirty (30) days.

In the event of non-payment of any original, renewal or additional premium this Certificate may be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

OFFSET CLAUSE. The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

NON-CONCURRENT. The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

**O**

INTERMEDIARY CLAUSE. The intermediary named herein is hereby recognized as the Intermediary negotiating this Reinsurance for all business hereunder. All communications (including but not limited to notices, statements, premiums, return premiums, commissions, taxes, losses, loss adjustment expense, salvages, and loss settlements) relating thereto shall be transmitted to the Company or the Reinsurer through the Intermediary. Payments by the Company to the Intermediary shall be deemed to constitute payment to the Reinsurer. Payments by the Reinsurer to the Intermediary shall be deemed only to constitute payment to the Company to the extent that such payments are actually received by the Company.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

KEMPER REINSURANCE COMPANY

It is understood and agreed that this Certificate is amended to
read as follows:

SECTION III - Company Retention

$3,000,000 each occ/agg P/O $28,000,000 each occ/agg P/O
$40,000,000 each occ/agg X/S $60,000,000 each occ/agg X/S
Underlying or SIR.

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 40062-1-00-83

REINSURED: International Surplus Lines Ins. Co. - Morristown, NJ

INSURED:   Rockwell International Corporation

ENDORSEMENT NO.:  1

ENDORSEMENT EFFECTIVE DATE:  10-1-83

Authorized Signature

# FACULTATIVE REINSURANCE CERTIFICATE



**Kemper Reinsurance Company**
**Long Grove, IL 60049**
**Telephone: 312/540-2600**
**TELEX 28 2501**

Certificate Number  **41626-8-00-79**

Prior Certificate Number  **New**

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**  **International Surplus Lines Insurance Co., Chicago, IL**
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**  **Rockwell International**

Address  **600 Grant Street, Pittsburgh, PA**

Policy Number  **XSI-5516**     Policy Period     From  **4-1-79**     To  **4-1-80**

**3. Period of this Certificate**                    From  **4-1-79**     To  **4-1-80**

**4. Schedule of Reinsurance Afforded**     Date of Acceptance  **4-1-79**

| | |
|---|---|
| Section I TYPE OF INSURANCE | **Following Form Excess General, Auto, Worker Compensation, and Employers Liability** |
| Section II POLICY LIMITS | **$10,000,000 each occ./agg. X/S $120,000,000 each occ./agg. X/S Underlying** |
| Section III COMPANY RETENTION | **$2,250,000 each occ./agg. P/O $10,000,000 each occ./agg. X/S $120,000,000 each occ./agg. X/S Underlying** |
| Section IV REINSURANCE ACCEPTED | **$500,000 each occ./agg. P/O $10,000,000 each occ./agg. X/S $120,000,000 each occ./agg. X/S Underlying.** |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

☒ Non-adjustable Premium

Installment Premium
Due Date  **4-1-79**     Amount Due  **$800.00**

Total Premium  **$800.00**
**(subject to 22.5% ceding commission**

**6. Intermediary**  **L. W. Biegler Inc.     Chicago, Illinois**

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name  *Serge L. Messinger*

Title  **Senior Vice President**

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804  9-78  5M                                        Printed in U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

**CANCELLATION.** Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer and shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

KEMPER REINSURANCE COMPANY

It is understood and agreed that Cancellation Clause J is amended to read as follows:

"Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate.  This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, thereafter, such cancellation shall be effective.  Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus ___30___ days, the total not to exceed ___90___ days in all."

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number ___41626-8-00-79___

REINSURED:  International Surplus Lines Insurance Company

INSURED:  Rockwell International

ENDORSEMENT NO.:  1

ENDORSEMENT EFFECTIVE DATE:  4/1/79

_George L. Messenger_
Authorized Signature

FRU-3

**Kemper Reinsurance Company.**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative
Reinsurance
Certificate**



| Certificate Number | 44282-7-00-80 |
|---|---|
| Prior Certificate Number | NEW |

**Kemper Reinsurance Company**

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**   International Ins. Co. – Morristown, NJ
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**   Rockwell International Corp.
Address   600 Grant Street, Pittsburgh, Pa.
Policy Number   520-021524-6   Policy Period   From **4-1-80**   To **4-1-81**

**3. Period of this Certificate**   From **4-1-80**   To **4-1-81**

**4. Schedule of Reinsurance Afforded**   Date of Acceptance   **4-1-80**

| | |
|---|---|
| Section I TYPE OF INSURANCE | **Following Form Excess Liability** |
| Section II POLICY LIMITS | **$10,000,000 CSL each Occ/agg. X/S Underlying** |
| Section III COMPANY RETENTION | **$1,750,000 CSL each Occ/agg. P/O $10,000,000 CSL each Occ/agg. X/S Underlying** |
| Section IV REINSURANCE ACCEPTED | **$750,000 CSL each Occ/agg. P/O $10,000,000 CSL each Occ/agg. X/S Underlying** |

**5. Reinsurance Premium Computation**

☒ Adjustable Premium
**$.00555 per $1000 Gross Receipts**

☐ Non-adjustable Premium

Installment Premium

| Due Date | Amount Due |
|---|---|
| **4-1-80** | **$27,000.00** |
| | |
| Total Premium | **$27,000.00** |

**(Subject to 22.5% Ceding Commission)**

**6. Intermediary**   L. W. Biegler
Chicago, Ill.

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name   *[signature]*

Title   **Facultative Officer**

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804   10-79   10M

Printed in U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

**CANCELLATION.** Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

KEMPER REINSURANCE COMPANY

It is understood and agreed that Cancellation Clause J is amended to read as follows:

"Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate.  This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, thereafter, such cancellation shall be effective.  Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus _____30___ days, the total not to exceed _____90___ days in all."

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number __44282-7-00-80__

REINSURED: **International Ins. Co.**

INSURED: **Rockwell International Corp.**

ENDORSEMENT NO.: **1**

ENDORSEMENT EFFECTIVE DATE:    **4-1-80**

Authorized Signature

FRU-3

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative**
**Reinsurance**
**Certificate**



| Certificate Number | 44282-7-00-80A |
| Prior Certificate Number | 44282-7-00-80 |

Kemper Reinsurance Company

DOES HEREBY REINSURE·

**1. Name and Address of Reinsured**   International Insurance Company - Morristown, NJ
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**   Rockwell International Corporation

| Address | 600 Grant St.   Pittsburgh, PA | | | |
| Policy Number | 5220244548 | Policy Period | From  10-1-80 | To  10-1-81 |

**3. Period of this Certificate**          From  10-1-80    To    10-1-81

**4. Schedule of Reinsurance Afforded**        Date of Acceptance   10-1-80

| Section I<br>TYPE OF<br>INSURANCE | Following Form Excess Liability |
| Section II<br>POLICY<br>LIMITS | $10,000,000 C.S.L. each occ/agg. X/S Primary |
| Section III<br>COMPANY<br>RETENTION | $1,750,000 C.S.L. each occ/agg. P/O $10,000,000 C.S.L. each occ/agg.<br>X/S Primary |
| Section IV<br>REINSURANCE<br>ACCEPTED | $750,000 C.S.L. each occ/agg. P/O $10,000,000 C.S.L. each occ/agg. X/S Primary |

**5. Reinsurance Premium Computation**

Installment Premium

☒ Adjustable Premium
@ .0555 per $1000 Gross Receipts

| Due Date | Amount Due |
| 10-1-80 | $27,000.00 |

☐ Non-adjustable Premium

Total Premium    $27,000.00
(Subj. to 22.5% ceding comm.)

**6. Intermediary** L.W. Biegler Inc. - Chicago, IL

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executing officer.

Name   _George L. Messenger_

Title   Senior Vice President

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate

D 2804  8-80  10M                                    Printed in U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

**1.** With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

**2.** With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i e , reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statutes of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

**CANCELLATION.** Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph 1, the obligations under this Certificate shall run to the Company and the Reinsurer and shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative
Reinsurance
Certificate**



Kemper Reinsurance Company
(herein called the Reinsurer)

DOES HEREBY REINSURE:

Certificate Number **44282-7-00-81**
Prior Certificate Number **44282-7-00-80A**

**1. Name and Address of Reinsured** International Insurance Company – Morristown, NJ
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured** Rockwell International Corporation
Address 600 Grant Street, Pittsburgh, PA

| Policy Number 522029437 2 | Policy Period | From 10-1-81 | To 10-1-82 |

**3. Period of this Certificate** From 10-1-81  To 10-1-82

**4. Schedule of Reinsurance Afforded**   Date of Acceptance 10-1-81

| | |
|---|---|
| Section I<br>TYPE OF<br>INSURANCE | Following Form Excess Liability |
| Section II<br>POLICY<br>LIMITS | $10,000,000 C.S.L. each occ/agg. X/S Primary |
| Section III<br>COMPANY<br>RETENTION | $2,200,000 C.S.L. each occ/agg. P/O $10,000,000 C.S.L. each occ/agg.<br>X/S Primary |
| Section IV<br>REINSURANCE<br>ACCEPTED | $750,000 C.S.L. each occ/agg. P/O $10,000,000 C.S.L. each occ/agg.<br>X/S Primary |

**5. Reinsurance Premium Computation**

☒ Adjustable Premium
@ .005 per $1000 Gross Receipts.

☐ Non-adjustable Premium

Installment Premium

| Due Date | Amount Due |
|---|---|
| 10-1-81 | $24,300.00 |

| Total Premium | $24,300.00 |
| Commission | 22.5 % |

**6. Intermediary** L. W. Biegler, Inc.          Chicago, IL  60606

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name *George L. Messenger*

Title Senior Vice President

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D2804-2  4-81  10M                                                              PRINTED IN U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

RETENTION AND APPLICATION OF LIABILITY. The Company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

COOPERATION OF COMPANY. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

NOTICE OF OCCURRENCE. Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

DEFENSE OF CLAIMS OR SUITS. While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

LOSS PAYABLE. All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

SALVAGE. The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

PREMIUM TAXES. The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

INSOLVENCY. In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by the Company by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. This Certificate may also be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus thirty (30) days.

In the event of non-payment of any original, renewal or additional premium this Certificate may be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

OFFSET CLAUSE. The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

NON-CONCURRENT. The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative
Reinsurance
Certificate**



| | |
|---|---|
| Certificate Number | 44282-7-00-83 |
| Prior Certificate Number | 44282-7-00-82 |

*Kemper Reinsurance Company*
*(herein called the Reinsurer)*

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**    International Insurance Company - Morristown, NJ
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**   Rockwell International Corporation
Address   600 Grant Street, Pittsburgh, PA 15219

| Policy Number | 522 0437067 | Policy Period | From | 10-1-83 | To | 10-1-84 |
|---|---|---|---|---|---|---|

**3. Period of this Certificate**           From   10-1-83   To   10-1-84

**4. Schedule of Reinsurance Afforded**        Date of Acceptance   10-1-83

| Section I<br>TYPE OF<br>INSURANCE | EXCESS GENERAL LIABILITY, AUTO LIABILITY, WORKERS COMPENSATION AND EMPLOYERS LIABILITY |
|---|---|
| Section II<br>POLICY<br>LIMITS | $10,000,000 C.S.L. EACH OCC/AGG. (WHERE APPLICABLE) X/S PRIMARY |
| Section III<br>COMPANY<br>RETENTION | $1,750,000 C.S.L. EACH OCC/AGG. (WHERE APPLICABLE) P/O<br>$10,000,000 C.S.L. EACH OCC/AGG. (WHERE APPLICABLE) X/S PRIMARY |
| Section IV<br>REINSURANCE<br>ACCEPTED | $750,000 C.S.L. EACH OCC/AGG. (WHERE APPLICABLE) P/O $10,000,000<br>C.S.L. EACH OCC/AGG. (WHERE APPLICABLE) X/S PRIMARY |

**5. Reinsurance Premium Computation**

☒ Adjustable Premium
   @ .0054 per $1000 gross receipts

☐ Non-adjustable Premium

| Installment Premium | |
|---|---|
| Due Date | Amount Due |
| 10-1-83 | $21,262.50 |

| | |
|---|---|
| Total Premium | $21,262.50 |
| Commission | 22.5 % |

**6. Intermediary**   L. W. Biegler, Inc.                    Chicago, IL  6060

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name   _____

Title   Facultative Officer

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D2804-2  4-81  10M                                                    PRINTED IN U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The Company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by the Company by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. This Certificate may also be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus thirty (30) days.

In the event of non-payment of any original, renewal or additional premium this Certificate may be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.



The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

## Kemper Reinsurance Company
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative
Reinsurance
Certificate**



---

**Kemper Reinsurance Company
(herein called the Reinsurer)**

Certificate Number  44282-7-00-84
Prior Certificate Number  44282-7-00-83

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**  International Insurance Company – Morristown, NJ
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment
of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**  Rockwell International Corporation
Address 600 Grant Street, Pittsburgh, PA  15219
Policy Number  5220368685          Policy Period          From  10-1-84      To  10-1-85

**3. Period of this Certificate**                          From  10-1-84      To  10-1-85

**4. Schedule of Reinsurance Afforded**          Date of Acceptance  10-1-84

| | |
|---|---|
| **Section I** <br> **TYPE OF** <br> **INSURANCE** | EXCESS GENERAL LIABILITY, AUTO LIABILITY, <br> WORKERS COMPENSATION AND EMPLOYERS LIABILITY |
| **Section II** <br> **POLICY** <br> **LIMITS** | $5,000,000 CSL EACH OCC/AGG (WHERE APPLICABLE) X/S PRIMARY |
| **Section III** <br> **COMPANY** <br> **RETENTION** | $1,000,000 CSL EACH OCC/AGG (WHERE APPLICABLE) P/O <br> $5,000,000 CSL EACH OCC/AGG (WHERE APPLICABLE) X/S <br> PRIMARY |
| **Section IV** <br> **REINSURANCE** <br> **ACCEPTED** | $500,000 CSL EACH OCC/AGG (WHERE APPLICABLE) P/O <br> $5,000,000 CSL EACH OCC/AGG (WHERE APPLICABLE) X/S <br> PRIMARY |

**5. Reinsurance Premium Computation**

☒ Adjustable Premium
   @ .0103 per $1000 gross receipts

☐ Non-adjustable Premium

Installment Premium

| Due Date | Amount Due |
|---|---|
| 10-1-84 | $45,000.00 |

Total Premium  $45,000.00
Commission        22.5  %

**6. Intermediary** L.W. Biegler, Inc.          Chicago, IL  60606

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name

Title  Vice President

**The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a
Part of This Certificate.**

D 2804-2  4-81  10M

PRINTED IN U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The Company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by the Company by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. This Certificate may also be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus thirty (30) days.

In the event of non-payment of any original, renewal or additional premium this Certificate may be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative Reinsurance Certificate**



JUN - 9 1980

Certificate Number  43148-3-00-79
Prior Certificate Number  New

Kemper Reinsurance Company

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**  International Surplus Lines Insurance Company – Chicago IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**  United Technologies Corporation
Address  United Technologies Bldg., Hartford, CT  06101
Policy Number 1) XSI-5748      Policy Period  From 1) 10-1-79 To 10-1-80
       2)  XSI-5749            2) 10-1-79 To 10-1-80
**3. Period of this Certificate**      From  10-1-79 To 10-1-80

**4. Schedule of Reinsurance Afforded**      Date of Acceptance  10-1-79

| Section I TYPE OF INSURANCE | SEE ENDORSEMENT NUMBER 1 |
|---|---|
| Section II POLICY LIMITS | SEE ENDORSEMENT NUMBER 1 |
| Section III COMPANY RETENTION | SEE ENDORSEMENT NUMBER 1 |
| Section IV REINSURANCE ACCEPTED | SEE ENDORSEMENT NUMBER 1 |

N. Y

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

Installment Premium
Due Date        Amount Due
10-1-79      1) $6000.00   2) $1200.00

XX Non-adjustable Premium

Total Premium      1) $6000.00   2) $1200.00
(Subject to 20% ceding commission)

**6. Intermediary**  Willcox, Baringer & Co., Inc. - New York, NY

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name  *George R. Messinger*

Title  Senior Vice President

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D-2604  10-79  IOM

Printed in U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

JUN - 9 1980

**A**
RETENTION AND APPLICATION OF LIABILITY. The Company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**
COOPERATION OF COMPANY. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**
NOTICE OF OCCURRENCE. Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**
DEFENSE OF CLAIMS OR SUITS. While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**
LOSS PAYABLE. All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**
The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**
SALVAGE. The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**
INSOLVENCY. In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**
CANCELLATION. Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**
OFFSET CLAUSE. The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**
NON-CONCURRENT. The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**
If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**
Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

**N. Y.**

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

KEMPER REINSURANCE COMPANY

JUN - 9 1980

It is hereby understood and agreed that this Certificate is amended to read as follows:

Section I  - Type of Insurance:

1) Excess Umbrella Liability

2) Excess Umbrella Liability

Section II - Policy Limits:

1) $13,750,000 each occ/agg. P/O $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg. X/S Primary

2) $5,000,000 each occ/agg. P/O $50,000,000 each occ/agg. X/S $100,000,000 each occ/agg. X/S Primary

Section III- Company Retention:

1) $2,000,000 each occ/agg. P/O $13,750,000 each occ/agg. P/O $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg. X/S Primary

2) $1,500,000 each occ/agg. P/O $5,000,000 each occ/agg. P/O $50,000,000 each occ/agg. X/S $100,000,000 each occ/agg. X/S Primary

Section IV  - Reinsurance Accepted:

1) $1,000,000 each occ/agg. P/O $13,750,000 each occ/agg. P/O $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg. X/S Primary

2) $1,000,000 each occ/agg. P/O $5,000,000 each occ/agg. P/O $50,000,000 each occ/agg. X/S $100,000,000 each occ/agg. X/S Primary

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number   43148-3-00-79

REINSURED: International Surplus Lines Insurance Company

INSURED:   United Technologies Corporation

**N. Y.**

ENDORSEMENT NO.:   1

ENDORSEMENT EFFECTIVE DATE:   10-1-79

_George L. Messinger_
Authorized Signature

FRU-2

KEMPER REINSURANCE COMPANY

JUN - 9 1980

It is understood and agreed that Cancellation Clause J is amended to read as follows:

"Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, thereafter, such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus ___30___ days, the total not to exceed ___60___ days in all."

N. Y.

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number ___43148-3-00-79___

REINSURED: International Surplus Lines Insurance Company

INSURED:   United Technologies Corporation

ENDORSEMENT NO.:     2

ENDORSEMENT EFFECTIVE DATE:   10-1-79

_George L. Henninger_
Authorized Signature

FRU-3

Routing Slip From L.W. Biegler Inc. (N.Y.) To:

\_\_\_\_\_ Executive/Personnel
\_\_\_\_\_ Directors/Officers *L.W. BIEGLER INC.*                    \_\_\_\_\_ Property
✓ Casualty *B. Bohrer,* HICAGO, ILL.   *– NOV – 1 1979*          \_\_\_\_\_ Accounting
                                                                \_\_\_\_\_ Claims
Insured *United Echo* *Nov 11th '79*            Policy # *XSI 5798*
Coverage *Excess umbrella Liability.*          Date *october 31, 1979*

Policy Issued On:                               Attachments:

\_\_\_\_\_ Admitted (Licensed) Basis              \_\_\_\_\_ Binder
\_\_\_\_\_ "A Rated" Basis                        \_\_\_\_\_ Policy
\_\_\_\_\_ Surplus Lines Basis: License #        \_\_\_\_\_ Policy Replacing Binder
                                               \_\_\_\_\_ Renewal Of
If issued on an admitted company basis producer must   \_\_\_\_\_ Endorsements #
qualify for commission by satisfying one of the fol-   \_\_\_\_\_ Invoice
owing stipulations listed in the State Manual under    \_\_\_\_\_ Abstract
"Persons to whom a commission will be paid":           \_\_\_\_\_ Fac Memo
                                               \_\_\_\_\_ A Rated Filing
\_\_\_\_\_ A Licensed C&F Resident Agent          \_\_\_\_\_ XS CAS SLIP
\_\_\_\_\_ A Licensed C&F Non-Resident Agent:     \_\_\_\_\_ London Treaty Bdx. Decl.
\_\_\_\_\_ Non-Resident License #                 \_\_\_\_\_ Correspondence
\_\_\_\_\_ A Licensed Resident Broker             \_\_\_\_\_ Claim Notice
\_\_\_\_\_ A Licensed Non-Resident Broker:        \_\_\_\_\_ Coding Instructions
\_\_\_\_\_ Non-Resident License #                 \_\_\_\_\_ Multi Policy Line Card
\_\_\_\_\_ Exchange of Business (Certain States)  ✓ *Facultative reinsurance certificate.*

                                               L.W.B.-N.Y. Processing Checklist:
\_\_\_\_\_ Non-Entry of State (Certain States)
                                               Typist Initials: *(RK)*

                                               Proofread By: _____
Countersigning Instructions:                   Underwriter: _____

\_\_\_\_\_ Send to L.W. Biegler to C/S            Coding: _____
\_\_\_\_\_ Coding Sign For:                       Month: _____
                                               DWR: _____

\_\_\_\_\_ Do Not Sign Because:
\_\_\_\_\_ Agent Will Sign
\_\_\_\_\_ Countersigning Agent Will Sign         **N. Y.**
\_\_\_\_\_ Forwarding Letter Attached

Corrections:

**Kemper Reinsurance Company**
- Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501



APR 16 1981

Facultative
Reinsurance
Certificate

**KEMPER GROUP**

Kemper Reinsurance Company

DOES HEREBY REINSURE:

Certificate Number   43148-3-00-80
Prior Certificate Number   43148-3-00-79

**1. Name and Address of Reinsured** International Surplus Lines Ins. Co. - Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured** United Technologies Corporation
Address   United Technologies Building     Hartford, CT  06101
Policy Number  1) XSI 7144      Policy Period    From   10-1-80     To   10-1-81
            2) XSI 7145                            10-1-80          10-1-81
**3. Period of this Certificate**                   From   10-1-80     To   10-1-81

**4. Schedule of Reinsurance Afforded**          Date of Acceptance  10-1-80

| Section I TYPE OF INSURANCE | 1)  UMBRELLA LIABILITY |
| | 2)  UMBRELLA LIABILITY |
| Section II POLICY LIMITS | SEE ENDORSEMENT #1 |
| Section III COMPANY RETENTION | SEE ENDORSEMENT #1 |
| Section IV REINSURANCE ACCEPTED | SEE ENDORSEMENT #1 |

**5. Reinsurance Premium Computation**

Installment Premium

☐ Adjustable Premium

Due Date                    Amount Due
10-1-80         1) $5200.00  2) $1000.00

☒ Non-adjustable Premium

Total Premium    1) $5200.00   2) $1000.00

**6. Intermediary** Willcox, Baringer & Co., Inc.          New York, NY  10038

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name   *George L. Messinger*

Title  Senior Vice President

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804  8-60  10M                                           Printed in U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

**1.** With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

**2.** With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**O**

**INTERMEDIARY CLAUSE.** The Intermediary named herein is hereby recognized as the Intermediary negotiating this Reinsurance for all business hereunder. All communications (including but not limited to notices, statements, premiums, return premiums, commissions, taxes, losses, loss adjustment expense, salvages, and loss settlements) relating thereto shall be transmitted to the Company or the Reinsurer through the Intermediary. Payments by the Company to the Intermediary shall be deemed to constitute payment to the reinsurer. Payments by the Reinsurer to the Intermediary shall be deemed only to constitute payment to the Company to the extent that such payments are actually received by the Company.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

**CANCELLATION.** Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either the Company or the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer and shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

_Serge L. Messinger_

AUTHORIZED SIGNATURE

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

KEMPER REINSURANCE COMPANY          APR - 6 1981

It is hereby understood and agreed that this Certificate is amended to read as follows:

Section II - Policy Limits:

1)  $14,000,000 each occ/agg. P/O $30,000,000 each occ/agg. X/S $20,000,000 each occ/agg. X/S Primary

2)  $10,150,000 each occ/agg. P/O $75,000,000 each occ/agg. X/S $100,000,000 each occ/agg. X/S Primary

Section III - Company Retention:

1)  $2,000,000 each occ/agg. P/O $14,000,000 each occ/agg. P/O $30,000,000 each occ/agg. X/S $20,000,000 each occ/agg. X/S Primary

2)  $6,650,000 each occ/agg. P/O $10,150,000 each occ/agg. P/O $75,000,000 each occ/agg. X/S $100,000,000 each occ/agg. X/S Primary

Section IV - Reinsurance Accepted:

1)  $1,000,000 each occ/agg. P/O $14,000,000 each occ/agg. P/O $30,000,000 each occ/agg. X/S $20,000,000 each occ/agg. X/S Primary

2)  $1,000,000 each occ/agg. P/O $10,150,000 each occ/agg. P/O $75,000,000 each occ/agg. X/S $100,000,000 each occ/agg. X/S Primary

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 43148-3-00-80

REINSURED: International Surplus Lines Insurance Company

INSURED:    United Technologies Corporation

ENDORSEMENT NO.:  1

ENDORSEMENT EFFECTIVE DATE:  10-1-80

Authorized Signature

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501.

**Facultative Reinsurance Certificate**



FEB 25 1982

Certificate Number    43148-3-00-81
Prior Certificate Number    43148-3-00-80

Kemper Reinsurance Company
(herein called the Reinsurer)

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**  International Surplus Lines Insurance Company - Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**  United Technologies Corporation
Address United Technologies Building, Hartford, CT  06101

| Policy Number | 1) XSI 7725 | Policy Period | From | 10-1-81 | To | 10-1-82 |
| | 2) XSI 7726 | | | 10-1-81 | | 10-1-82 |

**3. Period of this Certificate**    From  10-1-81    To  10-1-82

**4. Schedule of Reinsurance Afforded**          Date of Acceptance 10-1-81

| | |
|---|---|
| **Section I**<br>TYPE OF INSURANCE | Excess Umbrella Liability |
| **Section II**<br>POLICY LIMITS | See Endorsement No. 1 |
| **Section III**<br>COMPANY RETENTION | See Endorsement No. 1 |
| **Section IV**<br>REINSURANCE ACCEPTED | See Endorsement No.1 |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

Installment Premium
| Due Date | Amount Due | |
|---|---|---|
| 10-1-81 | 1) $5037.50 | 2) $1162.50 |
| Total Premium | 1) $5037.50 | 2) $1162.50 |
| Commission | NIL            % | |

X  ☐ Non-adjustable Premium

**6. Intermediary** Willcox, Baringer & Co., Inc.          New York, NY   10038

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name  _George L. Messenger_

Title  Senior Vice President

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 1604-1  6-80  10M                                                        PRINTED IN U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

RETENTION AND APPLICATION OF LIABILITY. The Company is to retain for its own account or that of its treaty reinsurers the amount of liability in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

COOPERATION OF COMPANY. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

NOTICE OF OCCURRENCE. Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

DEFENSE OF CLAIMS OR SUITS. While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

LOSS PAYABLE. All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

SALVAGE. The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

PREMIUM TAXES. The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

INSOLVENCY. In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by the Company by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. This Certificate may also be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus thirty (30) days.

In the event of non-payment of any original, renewal or additional premium this Certificate may be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

OFFSET CLAUSE. The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

NON-CONCURRENT. The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

**O**

INTERMEDIARY CLAUSE. The intermediary named herein is hereby recognized as the intermediary negotiating this Reinsurance for all business hereunder. All communications (including but not limited to notices, statements, premiums, return premiums, commissions, taxes, losses, loss adjustment expense, salvages, and loss settlements) relating thereto shall be transmitted to the Company or the Reinsurer through the Intermediary. Payments by the Company to the Intermediary shall be deemed to constitute payment to the Reinsurer. Payments by the Reinsurer to the Intermediary shall be deemed only to constitute payment to the Company to the extent that such payments are actually received by the Company.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

KENPER REINSURANCE COMPANY

It is hereby understood and agreed that this Certificate is amended to read as follows:

Section II - POLICY LIMITS:
-1) $15,000,000 each occ/agg. P/O $30,000,000 each occ/agg. X/S $20,000,000 each occ/agg. X/S Primary.

2) $10,000,000 each occ/agg. P/O $100,000,000 each occ/agg. X/S $100,000,000 each occ/agg. X/S Primary.

Section III - COMPANY RETENTION:
1) $2,000,000 each occ/agg. P/O $15,000,000 each occ/agg. P/O $30,000,000 each occ/agg. X/S $20,000,000 each occ/agg. X/S Primary (Net and Treaty).

2) $6,500,000 each occ/agg. P/O $10,000,000 each occ/agg. P/O $100,000,000 each occ/agg. X/S $100,000,000 each occ/agg. X/S Primary (Net and Treaty).

Section IV - REINSURANCE ACCEPTED:

1) $1,000,000 each occ/agg. P/O $15,000,000 each occ/agg. P/O $30,000,000 each occ/agg. X/S $20,000,000 each occ/agg. X/S Primary.

2) $1,000,000 each occ/agg. P/O $10,000,000 each occ/agg. P/O $100,000,000 each occ/agg. X/S $100,000,000 eac occ/agg. X/S Primary.

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 43148-3-00-81

REINSURED: International Surplus Lines Insurance Co.

INSURED:   United Technologies Corporation

ENDORSEMENT NO.:  1

ENDORSEMENT EFFECTIVE DATE:  10-1-81

_____  12/1/81
Authorized Signature

Kemper Reinsurance Company
_____ Deck, IL 60049
Telephone: 312 540-2600
TELEX 28 2501

Facultative
Reinsurance
Certificate

KemperGROUP

| | |
|---|---|
| Certificate Number | 43149-3-00-82 |
| Prior Certificate Number | 43145-3-00-81 |

Kemper Reinsurance Company
(herein called the Reinsurer)

DOES HEREBY REINSURE:

1. Name and Address of Reinsured  International Surplus Lines Insurance Company – Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

2. Name of Insured  United Technologies Corporation
Address  United Technologies Building, Hartford, CT  05101
Policy Number  1) XSI 8580        Policy Period       From  10-1-82     To  10-1-83
               2) XSI 8581

3. Period of this Certificate                              From  10-1-82     To  10-1-83

4. Schedule of Reinsurance Afforded          Date of Acceptance  10-1-82

| | |
|---|---|
| Section I<br>TYPE OF<br>INSURANCE | UMBRELLA LIABILITY |
| Section II<br>POLICY<br>LIMITS | SEE ENDORSEMENT NO. 1 |
| Section III<br>COMPANY<br>RETENTION | SEE ENDORSEMENT NO. 1 |
| Section IV<br>REINSURANCE<br>ACCEPTED | SEE ENDORSEMENT NO. 1 |

5. Reinsurance Premium Computation

☐ Adjustable Premium

Installment Premium

| Due Date | Amount Due | |
|---|---|---|
| 10-1-82 | 1)$4650.00 | 2)$968.75 |

☒ Non-adjustable Premium

| Total Premium | 1)$4650.00 | 2)$968.75 |
|---|---|---|
| Commission | NIL | % |

6. Intermediary  Willcox, Baringer & Co., Inc.               New York, NY  10038

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name  _George L. Messenger_

Title  Senior Vice President

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 28043  8-80  10M                                                              PRINTED IN U.S.A.



KEMPER REINSURANCE COMPANY

It is understood and agreed that this Certificate is amended to read as follows:

Section II - POLICY LIMITS:
1) $15,000,000 each occ/agg P/O $25,000,000 each occ/agg X/S $20,000,000 each occ/agg X/S Underlying.
2) $20,000,000 each occ/agg P/O $200,000,000 each occ/agg X/S $100,000,000 each occ/agg X/S Underlying.

Section III - COMPANY RETENTION:
1) $10,000,000 each occ/agg P/O $15,000,000 each occ/agg P/O $25,000,000 each occ/agg X/S $20,000,000 each occ/agg X/S Underlying.
2) $16,500,000 each occ/agg P/O $20,000,000 each occ/agg P/O $200,000,000 each occ/agg X/S $100,000,000 each occ/agg X/S Underlying.

Section IV - REINSURANCE ACCEPTED:
1) $1,000,000 each occ/agg P/O $15,000,000 each occ/agg P/O $25,000,000 each occ/agg X/S $20,000,000 each occ/agg X/S Underlying.
2) $1,000,000 each occ/agg P/O $20,000,000 each occ/agg P/O $200,000,000 each occ/agg X/S $100,000,000 each occ/agg X/S Underlying.

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 43148-3-00-82

REINSURED: International Surplus Lines Insurance Company

INSURED:   United Technologies Corporation

ENDORSEMENT NO.: 1

ENDORSEMENT EFFECTIVE DATE:  10-1-82

_Surge L. Messenger_
Authorized Signature

KEMPER REINSURANCE COMPANY

It is understood and agreed that this Certificate is amended to read as follows:

Section II - Policy Limits:

1) $15,000,000 each occ/agg. P/O $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg. X/S Underlying

2) Remains the Same

Section III - Company Retention:

1) $10,000,000 each occ/agg. P/O $15,000,000 each occ/agg. P/O $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg. X/S Underlying

2) Remains the Same

Section IV - Reinsurance Accepted:

1) $1,000,000 each occ/agg. P/O $15,000,000 each occ/agg. P/O $25,000,000 each occ/agg. X/S $25,000,000 each occ/agg. X/s Underlying

2) Remains the Same

All other terms and conditions of the Certificate remain unchanged.

Attached to and forming part of Certificate Number 43148-3-00-82

REINSURED: International Surplus Lines Insurance Company

INSURED:   United Technologies Corporation

ENDORSEMENT NO.:  2

ENDORSEMENT EFFECTIVE DATE:  10-1-82

*Per my request of 4/14/83*

Authorized Signature



Long Grove, IL 60049

Willcox, Baringer & Co., Inc.
130 John Street
New York, NY  10038

Telephone 312 | 540-2600
TELEX 28 2501

Please Return this stub
with your payment to:
Kemper Reinsurance Company
Post Office Box 91335
Chicago, IL 60693

**DATE:**  March 8, 1983

**CERTIFICATE NO.**    43148-3-00-82

**YOUR REFERENCE NO.**    N82-0579, N82-0580

---

**A/C**  United Technologies Corporation

**R/I**  International Surplus Lines Insurance Company - Chicago, IL

**EFFECTIVE:**        10-1-82            10-1-82

**PREMIUM:**        $4650.00        $968.75

**RETURN PREMIUM:**

**BROKERAGE:**      $465.00        $96.88
                   (10%)          (10%)

**COMMISSION:**

**BALANCE DUE:**      $4185.00        $871.87

---

| | | | PLEASE PAY THIS AMOUNT ◆ | $5056.87 |
| --- | --- | --- | --- | --- |

PREMIUMS ARE DUE AND PAYABLE ON THE DATE REINSURANCE IS EFFECTIVE

() 7821-1  7-82  10M                    **ORIGINAL**                    PRINTED IN U.S

**Kemper Reinsurance Company**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative
Reinsurance
Certificate**



Kemper Reinsurance Company
(herein called the Reinsurer)

Certificate Number    43148-3-00-83
Prior Certificate Number    43148-3-00-82

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**   International Surplus Lines Insurance Company - Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**   United Technologies Corporation
Address   United Technologies Building, Hartford, CT   06101
Policy Number   XSI-8883        Policy Period   From   10-1-83   To   10-1-84

**3. Period of this Certificate**                        From   10-1-83   To   10-1-84

**4. Schedule of Reinsurance Afforded**        Date of Acceptance   10-1-83

| | |
|---|---|
| **Section I**<br>TYPE OF<br>INSURANCE | UMBRELLA LIABILITY |
| **Section II**<br>POLICY<br>LIMITS | $15,000,000 EACH OCC/AGG P/O $25,000,000 EACH OCC/AGG X/S<br>$25,000,000 EACH OCC/AGG X/S UNDERLYING |
| **Section III**<br>COMPANY<br>RETENTION | $11,000,000 EACH OCC/AGG P/O $15,000,000 EACH OCC/AGG P/O<br>$25,000,000 EACH OCC/AGG X/S $25,000,000 EACH OCC/AGG<br>X/S UNDERLYING |
| **Section IV**<br>REINSURANCE<br>ACCEPTED | $1,000,000 EACH OCC/AGG P/O $15,000,000 EACH OCC/AGG P/O<br>$25,000,000 EACH OCC/AGG X/S $25,000,000 EACH OCC/AGG<br>X/S UNDERLYING |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

☒ Non-adjustable Premium

Installment Premium
Due Date        Amount Due
10-1-83          $3952.50

Total Premium          $3952.50
Commission                NIL          %

**6. Intermediary** Willcox, Inc.                    New York, NY   10038

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name   _Iris Sheng_

Title   Facultative Officer

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of This Certificate.

D 2804-1   2-83   15M                                        PRINTED IN U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The Company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits; it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified, in the statues of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by the Company by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. This Certificate may also be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus thirty (30) days.

In the event of non-payment of any original, renewal or additional premium this Certificate may be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer and shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

**O**

**INTERMEDIARY CLAUSE.** The intermediary named herein is hereby recognized as the Intermediary negotiating this Reinsurance for all business hereunder. All communications (including but not limited to notices, statements, premiums, return premiums, commissions, taxes, losses, loss adjustment expense, salvages, and loss settlements) relating thereto shall be transmitted to the Company or the Reinsurer through the Intermediary. Payments by the Company to the Intermediary shall be deemed to constitute payment to the Reinsurer. Payments by the Reinsurer to the Intermediary shall be deemed only to constitute payment to the Company to the extent that such payments are actually received by the Company.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

**Kemper Reinsurance Compa**
Long Grove, IL 60049
Telephone: 312/540-2600
TELEX 28 2501

**Facultative Reinsurance Certificate**



---

Kemper Reinsurance Company
(herein called the Reinsurer)

| Certificate Number | 63865-2-00-84 |
|---|---|
| Prior Certificate Number | NEW |

DOES HEREBY REINSURE:

**1. Name and Address of Reinsured**  International Surplus Lines Insurance Company – Chicago, IL
(herein called the COMPANY) with respect to the COMPANY'S policy hereinafter described, in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein as follows:

**2. Name of Insured**  United Technologies Corporation
Address United Technologies Building, Hartford, CT  06101

| Policy Number  XSI 8915 | Policy Period | From 10-1-84 | To 10-1-85 |
|---|---|---|---|

**3. Period of this Certificate**                     From 10-1-84    To 10-1-85

**4. Schedule of Reinsurance Afforded**          Date of Acceptance 10-1-84

| Section I TYPE OF INSURANCE | EXCESS UMBRELLA LIABILITY |
|---|---|
| Section II POLICY LIMITS | $15,000,000 EACH OCC/AGG P/O<br>$25,000,000 EACH OCC/AGG X/S<br>$25,000,000 EACH OCC/AGG X/S UNDERLYING |
| Section III COMPANY RETENTION | $10,500,000 EACH OCC/AGG P/O<br>$15,000,000 EACH OCC/AGG P/O<br>$25,000,000 EACH OCC/AGG X/S<br>$25,000,000 EACH OCC/AGG X/S UNDERLYING |
| Section IV REINSURANCE ACCEPTED | $2,000,000 EACH OCC/AGG P/O<br>$15,000,000 EACH OCC/AGG P/O<br>$25,000,000 EACH OCC/AGG X/S<br>$25,000,000 EACH OCC/AGG X/S UNDERLYING |

**5. Reinsurance Premium Computation**

☐ Adjustable Premium

| Installment Premium | |
|---|---|
| Due Date  10-1-84 | Amount Due  $12,000.00 |

☐ Non-adjustable Premium

| Total Premium | $12,000.00 |
|---|---|
| Commission | 25 % |

**6. Intermediary**

IN WITNESS WHEREOF, the Reinsurer has caused this Certificate to be signed by an executive officer.

Name _____

Title   Vice President

The Provisions and Stipulations of the Reinsurance Clause on the Reverse Side Hereof are Hereby Made a Part of this Certificate.

07804-2  4-81  10M                                                            PRINTED IN U.S.A.

# THIS CERTIFICATE IS SUBJECT TO THE FOLLOWING CONDITIONS

**A**

**RETENTION AND APPLICATION OF LIABILITY.** The Company warrants to retain for its own account or that of its treaty reinsurer(s) the amount of liability specified in Item 4, Section III of this Certificate, unless otherwise declared to the Reinsurer. The liability of the Reinsurer specified in Item 4, Section IV of this Certificate shall follow that of the Company, and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

**B**

**COOPERATION OF COMPANY.** The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this Certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

**C**

**NOTICE OF OCCURRENCE.** Prompt notice shall be given the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance.

**D**

**DEFENSE OF CLAIMS OR SUITS.** While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

**E**

**LOSS PAYABLE.** All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements promptly following receipt of proof of loss. In addition the Reinsurer shall be bound to pay its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, as follows:

1. With respect to reinsurance, provided on an excess of loss basis, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment.

2. With respect to reinsurance provided on a pro rata or quota share basis, in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability.

The Reinsurer will also pay its proportion of court costs and interest on any judgment or award, provided its prior consent to trial court proceedings has been obtained.

**F**

The Reinsurance hereunder is subject to the standard Nuclear Incident Exclusion Clause(s) and standard War Exclusion Clause(s) for the coverage provided.

**G**

**SALVAGE.** The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

**H**

**PREMIUM TAXES.** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate, if the premium for this Certificate is on a net basis.

**I**

**INSOLVENCY.** In the event of the insolvency of the Company, reinsurance under this Agreement shall be payable by the Reinsurer on the basis of the liability of the Company under the Reinsurance Agreement, without diminution because of such insolvency, directly to the Company or its liquidator, receiver or statutory successor, except as otherwise specified in the statutes of any state having jurisdiction of the insolvency proceedings. The reinsurer shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Agreement within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer.

**J**

Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by the Company by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. This Certificate may also be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when such cancellation shall be effective. Such effective date of cancellation shall not be less than the number of days specified in the Company's policy plus thirty (30) days.

In the event of non-payment of any original, renewal or additional premium this Certificate may be cancelled on a pro rata basis by the Reinsurer by mailing written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

**K**

**OFFSET CLAUSE.** The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

**L**

**NON-CONCURRENT.** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in Item 4, Section I. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in Item 4, Section I.

**M**

If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

**N**

Except as provided by the insolvency clause and any amendments thereto referred to in paragraph I, the obligations under this Certificate shall run to the Company and the Reinsurer shall have no obligation to the original insured or anyone claiming under the policy(ies) reinsured.

The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.